SAMUEL A. AND SUSAN A. WHITE v. THOMAS R. WILLIAMS
AND ANOTHER.

It is believed that the effect of a *retraxit* ( to bar another action ) in the Common Law practice, has not, in our practice, been given to the dismissal of a suit by the plaintiff.

Where a vendee brought an action of trespass to try title against a stranger, and caused his vendors to be cited to defend and maintain the title according to their warranty, it was held that the vendors could not confess a breach of the warranty and pray a rescission of the sale, nor by pleading a fraudulent combination between the plaintiff and defendant to suffer a recovery, prevent a dismissal of the suit by the plaintiff.

Appeal from Victoria. Action of trespass to try title, by Thomas R. Williams and Benjamin Irby against Leonard C. Cushman. The plaintiffs alleged that the defendant was in possession of the land, claiming it by title paramount to the title of Samuel A. White and Susan A. White, from whom plaintiffs purchased by deed of general warranty, and they therefore prayed that said Samuel A. and Susan A. might be cited to appear and defend the title, or in case of failure to sustain said title, that plaintiffs have judgment against them on the warranty, &c. Samuel A. and Susan A. White appeared, confessed the warranty, and alleged that they were

informed and believed that from the ill-advised and unskillful manner in which the said plaintiffs had prosecuted their remedy, " and more especially that they have admitted the pos-" session of an adversary under a paramount title, that they, " the said plaintiffs, will fail in their suit and thereby involve " the said defendants in a greater liability and more costs and " trouble than the amount of the demand of the said plaintiffs " in warranty, wherefore the said defendants confess that they " cannot defend," &c. ; offer to confess judgment for the amount of the purchase money ($2,400) and interest, and pray a reconveyance of the land " and that the cause entitled Williams and Irby v. Cushman be dismissed at plaintiffs' costs." " And for further answer in this behalf, the said defendants " plead in reconvention and say that the said Williams and " Irby are confederating and colluding with the said L. C. " Cushman to defraud and injure the said defendants, by a " malicious combination to make a pretended breach of the " said covenant of warranty, for they say that the said Wil-" liams and Irby have acknowledged falsely an adverse pos-" session in the said Cushman, under a paramount title, and " have brought this pretended action to recover a possession " which they lost by their own election, and to overcome a " pretended title in the said Cushman which had no existence, " which combinations and collusions, false pretences and ad-" missions are contrary to equity and good conscience, and to " the damage of the said defendants in the sum of four thou-" sand dollars ; for the defendants further allege that the said " Williams and Irby were in fact in the possession of the said " land at the time of making said admissions, by virtue of " patents from and under the State of Texas, derived from " and through the said defendants in warranty, and that the " said plaintiffs, Williams and Irby, intending to endanger " and defraud the said defendants, acknowledged the occa-" sional trespasses of the said Cushman, without any title " whatsoever to himself, to be an actual possession under par-" amount title ;" prayer for judgment for the $4000 damages,

and that it set-off against the amount confessed on the war-
ranty, and for general relief.   Same Term, entry of "come
the plaintiffs by the attorneys and dismiss their suit;" judg-
ment in favor of Cushman against Williams and Irby for costs.
Same Term Samuel A. and Susan A. White moved the Court
to reinstate the case as to them, which motion was overruled,
and said Whites appealed.


*S. A. White*, for appellants.   The appellants have appealed
more for the purpose of knowing how they are to be affected
by the proceedings of the plaintiffs, than for what they are in-
jured by them.   This, however, depends on the effect to be
given to these proceedings, both with relation to plaintiffs and
defendants.

This dismissal has all the features of a *retraxit*, which was
a positive, voluntary act of the plaintiff, and had the effect of
a judgment on the merits, which might be pleaded in bar to
another action.   It is true, it had not the technical language
of a retraxit; but the reasons which prompted it, and the cir-
cumstances under which it was done, would have required
that rule, and would have given the defendants the advantage
of it, as a bar to another action.   This might have been re-
lied on, but that it was uncertain how far our Courts would
assert the Common Law practice.

Should this dismissal not be considered a *retraxit*, or
such a dismissal as would bar another suit, I contend that
it was error to allow it, or if allowed, that the greatest
favor the plaintiffs could ask, was, that it should be con-
ditioned that the warrantors should be released from fur-
ther liability to plaintiffs, for the same cause of action, other-
wise plaintiffs should have been ruled to take the judgment
they asked, and which was offered them by the defendants.

Defendants' second plea, which they call a plea in reconven-
tion, is only offered for consideration in case it is decided that
they are not released by the dismissal from another suit.   Then

they contend that the suit was improperly dismissed, while their plea in reconvention stood unexcepted to, or any disposition having been made of it, because it was equivalent to an original suit, and the plaintiff had no more right to dismiss it without an exception, than the defendant would have to dismiss plaintiff's petition.

*Stockdale & Jones*, for appellees. The plaintiffs had a right to dismiss the cause, unless some proper party to it had pleaded against them some valid plea in reconvention or cross action.

The ground upon which the Court below based its action overruling the motion to reinstate, was, that the warrantors were not properly parties to the suit; the plaintiffs having instituted the suit, they could not compel the warrantors to prosecute their suit. The objection taken by counsel, however, was, that the answer of the warrantors was not a sufficient plea in reconvention, and that it was bad upon general demurrer; that if the plea were good and there was sufficient grounds in connection with it to reinstate the case, being bad, it afforded no foundation for such action by the Court. This Court has decided, that if upon general demurrer the petition in a cause would be bad, and the case brought up by writ of error, although no demurrer was filed below, this Court would reverse the judgment.

If this rule be extended (and by analogy we think it should) to this case, the action of the Court below was clearly correct. (Borden v. Houston, 2 Tex. R. 594; Goodrich v. Patterson, Id. 331; Ford v. Taggart, 4 Id. 492.)

Merely calling an answer a plea in reconvention, does not give it that character, nor entitle it to the consideration commanded by that plea. The facts alleged in their answer by the warrantors may or may not afford a sufficient equitable defence to an action by plaintiffs against them upon the covenant of warranty. If they do, still they do not constitute a good cause of action against the plaintiffs in an indepen-

dent suit.  This, it is submitted, is the test applicable to such
pleas.

WHEELER, J.  The question presented in argument by the
appellants, as to the effect of a voluntary dismissal of their suit
by the plaintiffs, does not properly arise in this case.  That
question can only arise for adjudication upon the bringing of
a second action.  The present therefore is not a proper occa-
sion for its authoritative determination.  It may be observed,
however, that the question is one of practice, rather than of
absolute principle; upon which the Court would be warranted
in adhering to a convenient settled rule of practice in our own
forums, however varient from the rule of practice adopted else-
where.  And it is believed that the effect of a *retraxit*, in the
Common Law practice, has not, in our practice, been given to
the dismissal of a suit by the plaintiff.  (Gillespie v. Red-
mond *et al., Ante.*)

It is unquestionable that the plaintiffs had the right to dis-
miss their suit, unless the appellants, by their answer, had ac-
quired the right to have an adjudication upon the matters
therein contained.  But the answer does not disclose any valid
subsisting cause of action to entitle the appellants to the redress
which they seek.  It asserts no present right of property which
has been violated; nor does it state any actual injury which
they have sustained, for which they can demand compensa-
tion in damages.

It can scarcely be seriously contended that the failure of the
plaintiffs effectually to assert and maintain their title to the
land in question, from whatever cause; or the fact of a con-
tingent liability to the plaintiffs on the part of the appellants,
can give the latter a right of action against the former, either
to rescind the sale, or to recover in damages.  Yet such, in
effect, is the pretension set up in the answer.  By dismissing
the suit, the plaintiffs declined the assertion of their right to
require the appellants either to defend the title to the land con-
veyed by them, or to answer for a breach of their warranty.

Bradley v. Bradley.

The appellants may never be called on to do either; and in that event, they surely will not have cause of complaint. It is manifest that the answer, if admitted to be true, does not disclose the violation of any right, or any injury sustained, of a character to entitle the appellants to the relief sought; and, consequently that it interposed no legal obstacle to the right of the plaintiffs to dismiss their suit. The judgment is affirmed.

Judgment affirmed.