## TOWELL v. TOWELL.

(Court of Civil Appeals of Texas. Dallas. Feb. 21, 1914.)

DISMISSAL AND NONSUIT (§ 14*)—VOLUNTARY NONSUIT—CONDITION OF CAUSE.

Under Rev. St. 1911, art. 1955, providing that a nonsuit may be taken at any time "before the decision is announced by the judge," the mere filing with the clerk of a written paper stating that plaintiff will not further prosecute the suit, but with the permission of the court will take a nonsuit, in no way brought to the notice of the judge until after definite announcement of his decision, is not a sufficient election to entitle plaintiff to a nonsuit.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 30; Dec. Dig. § 14.*]

Appeal from District Court, Delta County; Wm. Pierson, Judge.

Action by M. E. Towell against R. M. Towell for divorce. Judgment for defendant, and plaintiff appeals. Affirmed.

Newman Phillips, of Cooper, for appellant.

RASBURY, J. Appellant sued appellee for divorce and the custody of their minor child. Trial by jury was waived, and all matters in controversy were submitted to the district judge for his determination. After submission the trial judge announced that the case would be taken under consideration, and his decision announced later. A week subsequent the judge in the forenoon of that day informed the attorneys that immediately after the noon recess he would announce his decision in the case, and at the time indicated to appellant's attorney what his decision would be. About 2 o'clock the court summoned the attorneys for both parties, and announced that his decision was for appellee. About one hour before the judge announced his decision appellant filed with the clerk of the court a written pleading or paper, stating she would not further prosecute her suit, but would take a nonsuit with permission of the court. Such action by appellant was called to the attention of the court for the first time after he had announced his decision. Upon the facts stated appellant asked permission to take the desired nonsuit. The judge declined the request because, in his opinion, it came too late. Appellee in the suit sought no affirmative relief against appellant. The action of the court below in refusing to permit appellant to take a nonsuit is the only error assigned on appeal.

While the right conferred upon a plaintiff to a nonsuit is a valuable one for obvious reasons, particularly on occasions developed or arising at trial, and while "the substance and not the shadow" of the right should be preserved (Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427), the limitations upon the right are just as important. The statute (article 1955, R. S. 1911) in reference to cases tried without the assistance of a jury, as was the case here, provides that the nonsuit may be taken "at any time before the decision is announced" by the judge trying the case. The bill of exceptions shown in the record in the instant case, as qualified by the judge, shows an announcement of the decision, followed by a discussion between appellant's counsel and the trial judge concerning the evidence adduced on trial, at the conclusion of which the court again announced that his decision was for the appellee. At this juncture counsel for appellant informed the court for the first time that the paper seeking permission to take a nonsuit had been filed in the manner stated. We conclude upon the facts stated and disclosed by the bill of exceptions that appellant failed to bring herself within either the letter or spirit of the act. While the statute conferring the right does not prescribe the particular method or manner of claiming the right, and does not, in our opinion, preclude either party from indicating his or her intention, as was done in this case, at the same time we are equally clear that it is necessary to serve actual notice of the filing of the paper, if that method is adopted, upon the judge prior to the announcement of his decision before the right to take such nonsuit can be effectively claimed. The instant case does not come within the rule announced in Kidd v. McCracken, 105 Tex. 383, 150 S. W. 885, holding in effect that mere expressions by the court, indicating what his decision will be before actually announcing same, could not preclude the plaintiff from taking a nonsuit. In fact it appears from the bill of exceptions in this case that the court below did indicate what his decision would be, and that appellant failed to act upon it except in the manner stated. It will be conceded that appellant's intention, as indicated by the paper filed in the case, was obvious, but the record as it stands leaves us nevertheless without discretion in the matter, in view of our conclusion that actual notice must be served upon the trial judge of such intention. We are also of opinion that the instant case is distinguishable from Adams v. St. L. S. W. Ry. Co., 137 S. W. 437, decided by this court and relied upon by appellant. In the Adams Case it appears that the suit was tried before a jury, and after plaintiff had closed her case counsel submitted and argued a motion to instruct a verdict for defendant, after which the court, in answer to an inquiry from counsel for plaintiff, indicated his intention to direct verdict for defendant, whereupon, and before any instruc-

tions had been given the jury, and hence before the jury had returned a verdict, plaintiff claimed her right to take a nonsuit, which was refused by the trial court. On appeal this court, speaking through Associate Justice Talbot, in reversing the action of the trial court, said: "We have concluded that the mere announcement by the trial judge of what his decision will be * * * is not such an announcement of his decision as is contemplated by the statute." The difference in the two cases is thus obvious, since in the Adams Case the right was claimed before actual announcement of decision, while in the instant case it was claimed after such actual announcement.

In consonance with the views stated and the facts disclosed by the bill of exceptions, we conclude the court did not err in refusing appellant permission to take a nonsuit, and for that reason the judgment is affirmed.