DANNELLY v. JEFFREY et al.   (No. 6969.)

(Court of Civil Appeals of Texas. Austin. March 3, 1926.)

1. **Dismissal and nonsuit ⬅19(1) — Plaintiff held entitled, as matter of law, to have entire cause dismissed where there was no answer seeking affirmative relief at time motion to dismiss was filed and called to attention of court.**

Plaintiff *held* entitled, as matter of law, to have entire cause dismissed where, at time her motion to dismiss was filed and called to attention of court, there was no answer seeking affirmative relief, regardless of whether the court was then willing to enter an order concerning the motion.

2. **Dismissal and nonsuit ⬅27—When motion to dismiss was called to attention of defendants' attorneys and of court, it entitled plaintiff to order of dismissal whenever motion was taken up, and no further pleading by defendant could affect such right.**

When plaintiff's motion to dismiss suit was called to attention of defendants' attorneys and of the court, there was sufficient announcement of plaintiff's intention not to prosecute suit further to entitle her to an order of dismissal whenever the motion was taken up for disposition; and no further pleadings on defendants' part could deprive plaintiff of this right.

3. **Quieting title ⬅42—Amended answers denying fraud and alleging bona fide purchase without notice of fraud held insufficient to sustain prayers for affirmative relief of quieting title.**

In suit to cancel conveyance to grantee and conveyance by grantee to another on ground of fraud, amended answer by grantee denying any fraud, and by his grantee alleging bona fide purchase without notice of fraud, *held* to set up only matters which could be urged in defense of suit, and were wholly insufficient to sustain prayers for affirmative relief in quieting title to property involved.

Appeal from District Court, Caldwell County; J. B. Price, Judge.

Suit by Lydia Dannelly against W. F. Jeffrey and others. From a judgment for defendants, plaintiff appeals. Reversed, and cause dismissed.

E. C. Overall, of Luling, and White, Wilcox, Graves & Taylor, of Austin, for appellant.

McCLENDON, C. J. On March 4, 1925, appellant executed an instrument conveying to appellee Jeffrey a one-half undivided interest in the royalties and a one-sixteenth undivided interest in the oil and other minerals pertaining to a tract of land in Caldwell county, covering which appellant had previously granted a "commercial" oil lease. On March 5, 1925, Jeffrey conveyed to appellee F. C. Gideon a half interest in his holdings under this instrument. On March 17, 1925, appellant brought this suit against Jeffrey and Gideon, seeking to cancel these instruments on the ground that the execution of the former was procured by fraud. Shortly before court convened on April 20, 1925, appellant's attorney stated to the judge that he had a case he wished to dismiss, and would like to have this done as soon as court convened in order that he might return to his home in Austin. The judge asked if an answer had been filed, and, upon being told that there had, informed appellant's attorney that the request would be granted if agreeable to defendants' attorneys, but if objected to the case would have to be taken up in its order on the docket. When court convened appellees' attorneys stated to the court that they would oppose the motion, and the court announced that the case would have to be disposed of in its regular order. Thereupon appellant's attorney proceeded to read his motion to dismiss, which had theretofore been filed, and was again told by the court "that the matter would not be heard at this time, and would not be taken up for disposition until reached on regular call." To quote

from the judge's qualification of appellant's bill of exceptions:

"Said cause was not presented to or in any way considered by the court, at that time, except to find out, if the case would go off the docket without trial or if it would have to be set down for hearing when reached on the docket."

Up to that time appellees had filed no pleadings seeking affirmative relief; but thereafter, and prior to action on the motion, appellee Jeffrey filed an amended answer in which he admitted the execution of the instrument of March 4, 1925, denied any fraud, and concluded with a prayer that plaintiff take nothing, "that the cloud upon his title caused by the filing of this suit be removed, and that he have judgment against the plaintiff quieting defendants' title," and for costs, and other relief general and special, legal and equitable. Appellee Gideon also filed an amended answer in which he claimed to be a bona fide purchaser from Jeffrey without notice of the alleged fraud. This answer concluded with a prayer in substantially the same language as the prayer in Jeffrey's amended answer. In the afternoon of the same day the court heard and overruled the motion to dismiss on the ground that defendants had filed answers seeking affirmative relief. The cause was called for trial on April 21, 1925, upon defendants' answers, and judgment was rendered in their favor as prayed for. Appellant took no further part in the proceedings after her motion to dismiss was overruled, other than to except to the action and judgment of the court. The appeal is from this judgment, and error is assigned upon the action of the court in overruling appellant's motion to dismiss.

Two contentions are asserted by appellant in support of her assignments, both of which we sustain:

[1, 2] 1. There being no answer seeking affirmative relief at the time appellant's motion to dismiss was filed and called to the attention of the court, appellant was entitled, as a matter of law, to have the entire cause dismissed, regardless of whether the court was then willing to enter an order concerning the motion. Whether the mere filing of the motion to dismiss was sufficient to cut off defendants' right to set up by amendment matters calling for affirmative relief we find unnecessary to decide. When this motion was called to the attention of defendants' attorneys and of the court (that is the judge sitting in open court) there was a sufficient announcement by appellant of her intention not to prosecute the suit further to entitle her to an order of dismissal whenever the motion was taken up for disposition; and no further pleadings on defendants' part could deprive her of this right. We think this conclusion follows from the following authorities: Hoodless v. Winter, 16 S. W. 427, 80 Tex. 638; Free v. Burgess, 133 S. W. 421, 104 Tex. 31; Walker v. Hernandez, 92 S. W. 1067, 42 Tex. Civ. App. 543; Clevenger v. Cariker, 110 S. W. 795, 50 Tex. Civ. App. 562; Kelly v. Bank (Tex. Civ. App.) 233 S. W. 782.

[3] 2. The amended answers set up only matters which could be urged in defense of appellants' suit, and were wholly insufficient to sustain the prayers for affirmative relief. The cases of Hoodless v. Winter and Free v. Burgess, above, and Walker v. Haley (Tex. Civ. App.) 236 S. W. 544, support this contention.

For the error in overruling appellant's motion to dismiss, the trial court's judgment is reversed, and the cause is dismissed.

Reversed and cause dismissed.