## KELLY et al. v. W. C. TURNBOW PETROLEUM CORPORATION et al.

### No. 5760.

Court of Civil Appeals of Texas. Texarkana.

Feb. 15, 1940.

Clay Cooke, of Fort Worth, and Hurst, Leak & Burke, of Longview, for appellants.

Edwin M. Fulton and W. C. Hancock, both of Gilmer, and W. C. Linden, Jr., of Longview, for appellees.

WILLIAMS, Justice.

This is an appeal from a judgment wherein the Special District Court of Gregg County sustained a plea in abatement urged by appellees against the prosecution of this suit because of the alleged pendency of a suit in the 124th District Court of Gregg County. After the perfection of this appeal, judgment in a consolidated suit was entered in the 124th District Court. Appellees further urge the matters involved in this appeal have now become moot. For brevity, the instant suit will be referred to hereafter as the Kelly suit, the second as the Harris suit, and the consolidated action as the Graddy suit.

A. J. Eilers and R. K. Harris are designated plaintiffs with W. C. Linden, Jr., and Clay Cooke as their attorneys in the Harris suit filed on August 21, 1937, in the 124th District Court. W. C. Turnbow Petroleum Corporation, W. C. Turnbow, W. C. Turnbow doing business as Turnbow Petroleum Trust, and W. C. Turnbow, sole Trustee, are designated defendants. It is unnecessary to set out the petition, except to note that it alleged Turnbow to have organized and sold a large amount of stock in above-named units and to have invested the proceeds of such sales in numerous mineral interests and other properties, taking title in himself. Turnbow was charged with misappropriation of moneys and properties and other fraudulent acts in handling the assets. All allegations are stated in general terms. This petition sought a full and fair accounting; judgment for such sums and interests as shown to be due; for dissolution of the Corporation and the Trust; and pendente lite for the appointment of receiver.

On July 27, 1939, approximately two years after institution of the Harris suit, the first amended original petition in the Kelly suit was filed, the original petition having been filed July 21, 1939. In this first amended original petition S. M. Kelly, A. R. Hamilton, W. L. Zent, Mrs. Sallie Elliott and husband are designated as plaintiffs, and the parties named as defendants in the Harris suit are here named defendants. This pleading charges various specific acts of embezzlement and misappropriation of corporate and trust funds by Turnbow, namely: (1) Overdrawing in his personal account $85,000 and a $25,000 item and covering with fictitious credits; (2) illegal issuance of a large amount of corporate stock to himself; (3) production of large amounts of "hot oil" from the corporate leaseholds and his appropriation of same; (4) acquisition of other specified properties in his own name and shifting title to same; (5) depositing corporate funds in various names; and (6) officers and directors of defendant corporation being Turnbow and members of his family, had refused to call a stockholders meeting or to give an accounting of his or the company's operations. The prayer for relief was, in effect, substantially the same as in the Harris suit.

Harris and Eilers were made defendants in a second amended original petition filed August 15th. In a third amended original petition filed on October 16th Eilers and Harris were named plaintiffs together with Kelly and others above set out, all of whom are appellants here. In his third amended original petition Turnbow Petroleum Trust

and Turnbow, Trustee, were dropped as defendant, and W. C. Linden, Jr., and Edwin Fulton, attorneys, F. E. Mitchell and the Hon. C. E. McGaw, Judge of the 124th District Court, a pipe line company, and a bank were named as additional defendants. Additional charges of misappropriation by Turnbow were included and other charges which were alleged in the first amended original petition were more particularly detailed. It was alleged in addition that the Harris suit was filed at the solicitation of Linden; that as the result of an agreement with Turnbow to keep it pending on the docket to forestall the institution of litigation by any other stockholder, Linden had taken no steps in the prosecution of the Harris suit; and that in pursuance to the alleged collusive agreement he and Turnbow's other attorney, Fulton, had cooperated in filing the plea of abatement in an effort to forestall prosecution of the Kelly suit. In addition to the prayer for relief, being substantially the same as in the first amended original petition, plaintiff sought to restrain Linden from further proceeding in the Harris suit, and from pretending to represent Harris and Eilers. The original petition in the Harris suit and each amended petition in the Kelly suit alleges that the plaintiffs therein named were suing for themselves and all minor stockholders similarly situated. W. C. Turnbow and Turnbow Petroleum Corporation on September 5, 1939, filed the first and only pleading in answer to any pleadings of plaintiffs in the Kelly suit. This answer was directed to the first amended original petition.

On the hearing held November 8, 1939, to show cause why a temporary injunction should not be in all things granted as prayed for in the third amended original petition, these two defendants pleaded and urged as a defense in bar to the granting of such relief and the further prosecution of the Kelly suit that the Harris suit was filed as a class suit for the benefit of all stockholders similarly situated which included the plaintiffs in the Kelly suit; that the Kelly suit was a similar action; that the allegations and relief sought in each were substantially the same; that the Harris suit was pending in the 124th District Court and that court had acquired jurisdiction of the parties and subject matter. Subject to this plea in abatement they answered with general demurrer and denial. Appellants in their replication, besides a demurrer, asserted that the Harris suit had been filed without the consent or authority of the plaintiffs therein named, and if ever lawfully pending, it had been dismissed on August 23, 1939.

The issues were thus joined upon the hearing on November 8th. Appellees in support of their position, the burden of proof resting upon them, offered in evidence from the judgment roll in the Harris suit the original petition; defendants' original answer filed on September 4, 1937; another pleading styled defendants' original answer and cross-action filed September 1, 1939, by Hancock & Fulton, Attorneys; Cooke's motion to withdraw and the court's order dated July 21, 1939, authorizing his withdrawal; application of F. E. Mitchell for leave to intervene, the court's order authorizing him to intervene, and his plea of intervention, all filed September 5, 1939; the decree of the Hon. C. E. McGaw, Judge, entered on September 8, 1939. This decree recites that on that date came on to be heard the written motions of Harris and Eilers to dismiss; being presented to the court by Cooke and Burke and opposed by Linden, attorney of record for plaintiffs; that these motions to dismiss were signed by Eilers and Harris and filed August 23, 1939; that said motions were secured by one Pelton, not an attorney, and Cooke who did not at the time represent either. The decree further recites that on September 8th a motion was filed for Harris in which it is recited that he had changed his mind since filing his motion to dismiss on August 23rd, and desired to have Linden prosecute his cause of action; and that at the same time another application to dismiss was filed for Harris in which he recites he was induced to sign the instrument revoking his former application to dismiss through the use of force and fraud practiced on him at his office in Weatherford, Texas, that therefore Harris' motion to dismiss having not been filed until September 8th, after the cross-action and intervention had been filed, refused the motion of Harris to dismiss, but granted Eilers' motion subject to the right of cross-plaintiffs in their cross-action and rights of intervenor.

Appellants offered in evidence from the same judgment roll the respective motions of Harris and Eilers to dismiss. Each was filed on August 23rd. The docket sheet discloses an entry made by Judge McGaw setting the hearing for August 25, 1939.

These motions were presented in open court by L. F. Burke and Clay Cooke, Attorneys, who at the same time presented an order of dismissal at costs of the plaintiffs, to be signed by the court. The court did not enter or sign the requested order, but passed same to August 25th. Burke testified that the court stated he was doing this to give Linden a chance to be heard. The hearing was reset for August 29th due to illness of Linden's wife. It was then postponed by the court until September 8, 1939, a subsequent term of said court.

In the judgment entered from which this appeal has been perfected, the Hon. D. S. Meredith, Judge, found that Eilers and Harris had filed their motion to dismiss on August 23, 1939, but he was of the opinion that the judge of the 124th District Court having not entered an order dismissing the cause, the same was still pending in that court; and sustained the plea in abatement, denied all injunctive relief, and dismissed this Kelly suit.

■ It is apparent from the findings of Judge McGaw and Judge Meredith that the motions to dismiss were filed on August 23rd. It is obvious from the docket sheet that these motions were presented to that court on the same date. At that time appellees had not filed a cross-action or an answer seeking affirmative relief, and Mitchell had not been granted leave to intervene. The right of Harris and Eilers to take a non-suit at that time was a statutory right and was not a matter of discretion for the court. When these motions were presented to the court they were entitled to an order of dismissal at that time, and the fact that the court did not enter an order of dismissal then did not operate to continue said cause on the docket and permit subsequent filing of the cross-action and intervention so as to defeat the right to take a non-suit. Article 2182, R.C.S. of 1925; Walker & Sons v. Hernandez, 42 Tex.Civ.App. 543, 92 S.W. 1067; Weil v. Abeel, Tex.Civ.App., 206 S.W. 735; Clevenger v. Cariker, 50 Tex. Civ.App. 562, 110 S.W. 795; Dannelly v. Jeffrey, Tex.Civ.App., 283 S.W. 351; Ex parte Norton, 118 Tex. 581, 17 S.W.2d 1041; Brooks v. O'Connor, 120 Tex. 121, 39 S.W.2d 22. It becomes unnecessary to determine if both the Harris and the Kelly suits be construed as class suits and involved the same subject matter, or if Linden had in fact been employed to file and prosecute the Harris suit.

■ We recognize the doctrine as contended for by appellees of the right of one or a few persons to sue for themselves and others similarly situated, as for example, when the joinder of all would be impracticable and would interminably delay and probably obstruct the purpose of justice. Bailey v. Morgan, 13 Tex. 342; 32 T.J. 28. But in this connection, those so voluntarily assuming the duty to prosecute such a class suit are legally and equitably bound to faithfully and honestly discharge such duty. 20 R.C.L. 670; 1 C.J. p. 974; 32 C.J. p. 86.

■ Shortly after Linden filed the Harris suit, he accepted employment as an attorney for Turnbow at a monthly salary of $350. He has remained in such employment from that time to the present. When the motions to dismiss were filed and presented, Linden, Turnbow and Fulton made a trip to Weatherford to persuade Harris to withdraw his motion to take a non-suit. That suit had been on file for two years. No action had been taken. Linden's apparent effort to represent the plaintiffs and defendants in the same lawsuit has caused the unusual situation found in this record which is not complimentary to the legal profession. Evidently the Hon. C. E. McGaw was not aware of such a relationship, and the Hon. D. S. Meredith through deference for Judge McGaw did not disturb his actions.

We briefly notice the judgment entered in the Graddy suit. Subsequent to appeal in the Kelly suit, the 124th District Court did on November 14, 1939, enter an order in which Harris was dismissed and the cross-action against Eilers was also dismissed, as of that date. On this same day another judgment was entered in the same court which recites that F. E. Mitchell, R. A. Spence, and R. A. Graddy, each representing himself and all the stockholders of defendant corporation, and all defendants appeared in person and by their respective attorneys, waived a trial by jury. The judgment is lengthy. Sufficient to state that the judgment picks up each charge set out in Kelly's first amended original petition and finds in favor of defendants on each. This judgment although not reciting a consolidation, carries Nos. 11,404–B and 13,799–B. Neither of above plaintiffs excepted to the judgment so entered. It is made to appear that Graddy filed his suit on November 13, 1939, and Turnbow answered the same day. What has been stated in the previous para-

graph on class suits is applicable here. Whether the last-mentioned proceeding was collusive, which is asserted by appellants, is an issue that must be tried below when and if such judgment is pleaded as "res adjudicata" to the Kelly suit, for such plea depends on facts and pleading, neither being before this court.

From conclusions herein reached, it becomes axiomatic that the Special District Court acquired jurisdiction of the Kelly suit and now has jurisdiction to grant such relief as in his discretion the law and facts warrant upon another hearing.

The judgment is reversed and the cause remanded.