Ray **LOVELACE**, Appellant,

v.

W. W. **SHAWHART** et al., Appellees.

No. 6523.

Court of Civil Appeals of Texas. Amarillo.

Oct. 3, 1955.

Rehearing Denied Oct. 31, 1955.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, Butler & Peeler, Bonham, for appellant.

Hamilton & Deaver, Memphis, Paul Spillman, Wellington, for appellees.

PITTS, Chief Justice.

This action arose out of a suit filed originally on February 26, 1954, in the district court of Grayson County, Texas, by appellant herein, Ray Lovelace, against appellces herein, W. W. Shawhart and Lonnie E. Shawhart, seeking personal and property damages against them in the sum of $60,000 and exemplary damages in the sum of $30,000 as a result of an alleged motor vehicle collision occurring on a public highway in Grayson County on November 24, 1953, between appellant's automobile and an automobile owned by appellee, W. W. Shawhart, and being allegedly negligently operated at the time by appellee, Lonnie E. Shawhart. Thereafter appellees herein sought successfully to have venue of the said case transferred from Grayson County, Texas, to Hall County, Texas, the place of their residence. However, appellees herein likewise answered in Grayson County with a general denial on the merits of the case subject to their pleas of privilege. The order sustaining venue in Hall County and transferring the case was entered on April 16, 1954, from which appellant herein gave notice of appeal but apparently from the record before us no appeal was perfected and the order became final. According to the record presented here in all of these proceedings appellant herein was represented by Messrs. Butler and Peeler, attorneys of Bonham, Texas. On or about October 28, 1954, Hon. Ray Peeler, of the said firm of attorneys, wrote and mailed a letter at Bonham, Texas, addressed to Hon. Luther Gribble, Judge of 100th Judicial District, Hall County, Memphis, Texas, enclosing a motion, consistent with the contents of his letter, seeking a nonsuit and dismissal of the case, together with an enclosed, unsigned formal order for the convenience of the court, whereas the home and actual post-office address of Judge Gribble was Wellington, Texas, which is likewise a part of the 100th Judicial District. The said letter reached the office of the Hall County District Clerk either on the 29th or 30th of October, 1954, but was neither opened or delivered to Judge Gribble but was placed at some time thereafter with the papers of the

original suit since the clerk did not know what the envelope contained. Nothing therein was filed and no request was made by anybody to file any of it. Mr. Peeler likewise on October 28, 1954, wrote and mailed a letter to Mr. Paul Spillman, Wellington, Texas, who represented appellees herein, advising him of the said motion for a nonsuit and enclosing a copy of the same and of the blank order of dismissal therewith. At 2:30 p. m. o'clock on October 29, 1954, Mr. Spillman filed for each of the appellees herein an additional answer on the merits of the case and a cross action against appellant for damages in the total sum of $141,218.10, for appellee, W. W. Shawhart, because of alleged property damages and personal injuries sustained by him and his wife as a result of appellant's alleged negligence in connection with the said motor vehicle collision previously mentioned herein and for personal damages in the sum of $12,500 for appellee, Lonnie E. Shawhart, because of alleged personal injuries sustained by him as result of appellant's alleged negligence in connection with the said motor vehicle collision.

On November 24, 1954, appellant herein filed a plea of privilege seeking to have the cross actions filed by appellees herein transferred either to Fannin County, Texas, where appellant resided when the original suit was filed, or to Dallas County, Texas, where he had since moved and was then residing. Hon. R. A. Wilson, of the law firm of Underwood, Wilson, Sutton, Heare & Boyce, of Amarillo, Texas, joined Butler and Peeler in filing the said plea of privilege and all other proceedings had thereafter.

Appellees herein timely filed their joint controverting affidavit alleging facts to show venue of the case had already been established in Hall County, Texas, by final judgment previously rendered and showing also that they had filed cross actions therein. The trial court set the venue hearing on the cross actions for January 26, 1955, on which date such was heard. At the hearing appellees made proof of the former proceedings had in the district court of Gray-son County, Texas, which resulted in the transfer of the case to Hall County where venue of the case had been established by final judgment of the said court and they likewise made proof of their cross actions having been duly filed. Appellant confined his proof to the question of whether or not he had exercised his right to take a nonsuit before appellees' cross actions were filed. After hearing the proof, the trial court took the matter under consideration until March 10, 1955, when judgment was rendered overruling appellant's plea of privilege on the cross actions, without even referring to appellant's motion for a nonsuit. From such judgment appellant has perfected his appeal.

On appeal appellant charges in effect that the trial court erred in overruling his plea of privilege and in holding venue in Hall County, Texas, merely because the primary suit had been previously transferred there and notwithstanding the fact that appellant's motion for a nonsuit had been mailed to the court and opposing counsel at a time when no cross action had been filed in the case and he further charged error because the trial court denied his said motion for a nonsuit.

As we view the record before us, appellant's motion for nonsuit was never filed, never called to the attention of the trial court and we find nothing in the record to show that the trial court denied appellant's motion for a nonsuit or even passed on the merits of the said motion. In fact, said motion for a nonsuit was never mentioned in any of the venue pleadings heard by the trial court on the issue of venue to the cross actions. Nowhere do we find from the record where appellant ever sought by pleadings to have the court pass upon his motion for a nonsuit other than the motion was introduced as an exhibit in the venue action which motion was never shown to have been filed or presented to the trial court for consideration on its merits. Proof was made that appellant's said motion was mailed to the trial court addressed to Memphis, Texas, whereas the trial court's address was Wellington, Texas. The sealed

letter was delivered to the clerk of the district court of Hall County at Memphis, Texas, either on the day appellees filed their cross actions or the next day. The said clerk held the said letter but there is no evidence even tending to show that the same was ever delivered to the trial judge or that he ever knew about its contents. It may be presumed that he saw the contents of the letter at the venue hearing conducted several months after the clerk received the letter, since the contents thereof were introduced as exhibits at the venue hearing, but the record does not reflect any file mark on any of such exhibits.

The record likewise reveals that appellees' attorney, Hon. Paul Spillman, received by mail a copy of appellant's motion for a nonsuit. He first testified that he was not positive just when he received a copy of the said motion together with a letter, but he finally testified in effect that the letter enclosing a copy of the said motion for nonsuit reached him after he had filed appellees' cross actions which he had previously prepared for filing. He further testified that there was no connection between the service upon him of the motion for nonsuit and his filing of the cross actions.

■■■■ In addressing the trial court, appellant's counsel said (S.F. 21):

"My understanding of the law is that if the original Plaintiff, Lovelace, has exercised his right to take a nonsuit before the cross actions were filed, then for purposes of the present venue question, the cross actions have to be viewed as an independent suit."

We find no fault with such a statement. In his brief (Page 12) appellant's counsel said:

"Appellant's right to take a nonsuit became absolute when his motion for nonsuit and to dismiss was filed, presented to the court, and called to the attention of opposing counsel, and it makes no difference that the court

did not in fact hear the motion until after the cross action had been filed."

In our opinion appellant's counsel there assumes that his client's motion for a nonsuit had been "filed" and "presented to the court" whereas the record before us does not bear out such an assumption. According to the record before us as previously stated, appellant's said motion was never filed or presented to the trial court and was not delivered to opposing counsel until after appellees' cross actions had been filed. In support of appellant's position here taken he cites and quotes from the case of Dannelly v. Jeffrey, Tex.Civ. App., 283 S.W. 351, 352, and the following is a part of the language he quotes:

"When this motion (for nonsuit) was called to the attention of defendants' attorneys and of the court (that is the judge sitting in open court) there was a sufficient announcement by appellant of her intention not to prosecute the suit further to entitle her to an order of dismissal whenever the motion was taken up for disposition * * *."

The said opinion previously revealed that appellant's said motion in that case had been filed and called to the attention of the trial court. The rule of law there announced is undisputed and well recognized by the courts of Texas. Appellant likewise cites and quotes from the case of Kelly v. W. C. Turnbow Petroleum Corp., Tex.Civ.App., 137 S.W.2d 216–219. His own quotation there reveals that appellant's motion for nonsuit in that case had been filed and presented to the trial court before appellees therein had filed a cross action or an answer seeking affirmative relief. But, according to the record before us, such is not true in the case at bar. In his brief (Page 13) appellant's counsel further said:

"The mailing of the original motion to the judge at the court house where he would sit in judgment upon this

very case accomplished the dual·purpose of filing··and presenting the motion."

We cannot agree with the statement there made by appellant's counsel. We do not question the good intentions of appellant or his counsel but good· intentions must be followed up ·with actions resulting in having the motion for a nonsuit filed and the matter called to the attention of· the trial court. Merely mailing· a ·motion for a nonsuit to the trial court addressed to a wrong address ·and doing nothing more is not sufficient, especially when it is shown that the motion so mailed never reached the· trial court, was never· filed or called to the attention of the trial court, but lay in a sealed envelope in the office of the District Clerk for an indeterminate period ·of time not shown by the record, as was shown to· be true in the case at bar.

In the case· of Towell v. Towell, Tex. Civ.App., 164 S.W. 23, it was held that a motion for nonsuit filed, with the clerk but in no way brought to the attention of the trial judge until after judgment was rendered on the merits of the primary suit was insufficient to meet the requirements of the· rule here being considered. Such holding of that court· has support in 15 Tex.Jur. 262, Sec. 21.

We find no fault with the law stated generally by the parties to this appeal but in our opinion the record here presented does not support appellant's principal contentions here made. The facts presented in the case· at bar are different from ·the facts shown in· the cases cited and relied on by appellant. It· appears to us that appellant had his· day in the court of his choice concerning venue of the primary ,suit at· ·a time when the said ·court ·was not concerned· about appellees' pleadings to the merits of the· case, as ·a result of which the case was transferred to Hall County, Texas, for trial. If it could be said that appellant exercised his right to ·take· a nonsuit in Hall· County

under the record before us liberally construed, such was ·bound to have occurred ·after appellees had filed their cross actions in Hall County, Texas. Therefore when appellees filed their cross actions, which arose out of the same collision relied upon by appellant in his original suit, appellant could not thereafter successfully seek to ·dismiss his ·original suit and transfer venue to another county by filing a plea of privilege to appellees' cross actions. Fairbanks v. McAllen, Tex.Civ.App., 170 S.W.2d 581, writ refused.

In our opinion the trial court was justified in overruling appellant's plea of privilege to appellees' cross actions. Appellant's points to the contrary are overruled and the judgment of the trial court is affirmed.