CAPE OIL COMPANY, Appellant,

v.

Calvin WILLIAMS, Appellee.

No. 339.

Court of Civil Appeals of Texas.

Tyler.

April 11, 1968.

A. D. Henderson, Palestine, for appellant.

Melasky & Bullion, Thomas M. Bullion, E. M. Grimes, Taylor, for appellee.

DUNAGAN, Chief Justice.

The statement as to the nature of this case is taken from appellant's brief, which the appellee agrees is substantially correct. This case involves the propriety of entering an order sustaining the plea of privilege after plaintiff, appellant herein, filed a motion for non-suit. This appeal is not on the merits of the plea of privilege of appellee, but on a procedural question. After appellant had filed its motion for a non-suit or voluntary dismissal of the cause, appellee filed a cross-action subject to his plea of privilege and subsequently the trial court granted appellant's motion for non-suit and entered an order sustaining appellee's plea of privilege.

The only point of error is that the trial court committed error in sustaining appellee's plea of privilege and ordering appellee's cross-action transferred, when such cross-action was filed subsequent to the filing of appellant's motion for non-suit.

Appellant filed suit against appellee in the Third Judicial District Court of Anderson County, Texas, involving a controversy over a lease agreement between appellant and appellee, wherein appellant alleged it entered into a lease agreement contract as the result of fraud on the part of appellee.

A chronological statement showing the various pleadings filed by the parties, together with the dates thereof, will be helpful in understanding the problem.

| | |
|---|---|
| April 17, 1967 | Appellee filed a Plea of Privilege asserting the right to be sued in Williamson County, Texas and Original Answer consisting of a general denial. |
| April 24, 1967 | Appellant filed an Affidavit controverting the Plea of Privilege of Appellee. |
| June 1, 1967 | Appellant filed an Amended Petition and Amended Controverting Affidavit. |
| June 23, 1967 | Trial Court heard the Plea of Privilege. |
| July 26, 1967 | The trial judge advised the District Clerk of Anderson County by letter that "Defendant's Plea of Privilege is sustained." |
| August 2, 1967 | Appellant filed a Motion for Non-Suit or Voluntary Dismissal of its cause of action. |
| August 7, 1967 | Appellee filed his First Amended Original Answer and Original Cross-Action against Appellant. |
| August 31, 1967 | The Trial Court granted Appellant's Motion for Dismissal and also entered simultaneously therewith the judgment sustaining the Plea of Privilege of Appellee. |

———◆———

We find this statement in appellant's brief: "Appellant's position simply stated is that under the law when Appellant filed its Motion for Non-suit or Voluntary Dismissal at a time when no cross-action or affirmative relief was sought by Appellee, that the order subsequently signed by the Honorable Trial Judge and filed on the 31st day of August, 1967, related back to the date when Appellant announced its desire to take such non-suit and that such action terminated the litigation in its en-

tirety. The subsequent filing of the cross-action by Appellee after Appellant filed its motion to take a non-suit cannot serve to continue the litigation and is tantamount to filing a new and independent action in the Honorable Trial Court. Therefore, the Honorable Trial Court's Order of Dismissal should have dismissed the case in its entirety including the plea of privilege or at least entered an order overruling Appellee's Plea of Privilege."

Appellee contends that his cross-action having been filed before appellant's motion for non-suit was presented to the trial court for action by said court, said cross-action was timely filed, and the court did not err in entering an order sustaining appellee's plea of privilege. This contention must be sustained.

■ The question presented here does not concern appellant's right to take a *voluntary non-suit*. The record shows that the trial court granted appellant's motion for non-suit and dismissed its cause of action. The controlling question presented by appellant's sole point of error is: Whether the mere filing of the motion for non-suit and dismissal was sufficient to cut off appellee's-defendant's right to file an answer seeking affirmative relief. When this motion was *brought to the attention of the court and appellee's-defendant's attorney*, it was sufficient announcement by appellant of its intention not to prosecute the suit further to entitle it to an order of dismissal whenever the motion was taken up for disposition. Kelly v. W. C. Turnbow Petroleum Corporation, 137 S.W.2d 216 (Tex.Civ. App., Texarkana, 1940, n. w. h.) ; and cases therein cited; Towell v. Towell, 164 S.W. 23 (Tex.Civ.App., Dallas, 1914, n. w. h.) ; 20 Tex.Jur.2d, Sec. 22, page 202.

The court's order of August 31, 1967, granting appellant's motion for non-suit and dismissing its cause of action without prejudice recites in part: "On the 21st day of August, 1967, came the parties in the above entitled and numbered cause by and through their attorneys and the Plaintiff having heretofore filed a Motion for Non-suit or Voluntary Dismissal, without prejudice, and the Court having considered the same is of the opinion the same should be granted. * * *" Insofar as this record reflects, appellant's motion for non-suit was *brought to the attention of the court and appellee's-defendant's attorney* for the first time on August 21, 1967, which was subsequent to the filing of appellee's cross-action.

In its brief (page 12) appellant's counsel said: "It is Appellant's position that there must be pleadings of the defendant on file making such assertions for cross-action or affirmative relief at the time plaintiff files his motion or announces in open court his desire to take a non-suit in order for the cause to continue on the docket, and if there are no pleadings of defendant on file at the time the motion for non-suit is filed, a belated filing of a cross-action cannot serve to continue the case and serve as a basis for the entry of an order sustaining a plea of privilege and transferring only such cross-action."

■ Appellant's right to take a non-suit became absolute when its motion for ncn-suit and to dismiss was filed, *brought to the attention of the court and opposing counsel*, and it makes no difference that the court did not in fact hear the motion until after the cross-action had been filed. Lovelace v. Shawhart, 283 S.W.2d 74 (Tex. Civ.App., Amarillo, 1955, writ dism.). The order of dismissal was effective as of the time the motion was brought to the attention of the court and opposing counsel, which, insofar as this record shows, was on August 21, 1967. Thereafter, no further pleading on the defendant's part can affect the plaintiff's right to a non-suit, irrespective of when the motion is taken up for disposition. Dannelly v. Jeffrey, 283 S.W. 351 (Tex.Civ.App., Austin, 1926, n. w. h.).

■ If Appellant had exercised its right to take a non-suit by bringing (that is, presenting to the court) its motion to the attention of the court and opposing counsel prior to the filing of the cross-action, then

the cross-action would have to be viewed as an independent suit. Lovelace v. Shawhart, supra.

■ The appellant having presented to the court and called to the attention of appellee's-defendant's attorney its motion for non-suit at a time subsequent to the filing of the cross-action by appellee, the cross-action was properly and timely filed in this case and is not an independent suit.

The basis of the cause of action of both appellant's suit and appellee's cross-action is whether or not the contract entered into by and between the parties herein involved is enforceable against appellant. Appellee's cross-action arises out of the same transaction as the appellant's suit and involves the same issues of fact and law.

■ Cross-actions that arise out of the same transaction as the plaintiff's suit, the same issues of fact and law being involved, are triable in the county that is designated by statute for the trial of plaintiff's suit. 59 Tex.Jur.2d, page 549, Sec. 119. Also see 52 Tex.Jur.2d, page 252, Sec. 50.

■ Plaintiff, who, after filing his controverting plea, takes a non-suit thereby abandons his contest of the plea of privilege and in effect withdraws his controverting plea. Such action amounts to an admission that the plea of privilege is well taken. That was an admission not only that venue was improperly laid in Anderson County, but that the appellee had the right to have the venue changed to Williamson County. First Nat. Bank in Dallas v. Hannay, 123 Tex. 203, 67 S.W.2d 215 (1933); Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W. 2d 222 (1943); Royal Petroleum Corporation v. McCallum, 134 Tex. 543, 135 S.W.2d 958, 967 (1940); Clark, Venue in Civil Actions in Texas, page 250, Sec. 3a. This action on the part of appellant is an admission that under the venue statute the cause of action is triable in Williamson County.

■ Thus, the venue of appellant's cause of action is fixed in Williamson County. If appellant should re-file its cause of action, the venue of such cause of action would be in Williamson County. Baucom v. Hy-Lay Hatcheries, Inc., 355 S.W.2d 754 (Tex. Civ.App., Waco, 1962, n. w. h.); Knapp v. Knapp, 386 S.W.2d 630 (Tex.Civ.App., Austin, 1965, n. w. h.); Slack v. Allen Military Academy, 289 S.W.2d 783 (Tex.Civ. App., Waco, 1956, writ dism.).

■ We do not attach any significance to the trial court's letter to the District Clerk insofar as the question before us is concerned. The law seems to be settled that the plaintiff is entitled to take a non-suit as to one whose plea of privilege has been sustained, provided there has been no actual transfer of the case. The defendant cannot force a plaintiff to prosecute his cause of action or continue his litigation. 20 Tex.Jur.2d, page 184, Sec. 8; First Nat. Bank of Jacksonville v. Childs, 231 S.W. 807 (Tex.Civ.App., 1921, Austin, writ ref.); Cooper v. Colorado & S. Ry. Co., 298 S.W. 612 (Tex.Civ.App., Waco, n. w. h.). It is obvious there has been no actual transfer of this case as the court's order sustaining the plea of privilege was appealed from and is now before this court for review.

■ We think the trial court properly transferred the cause of action to Williamson County even though it consisted only of appellee's cross-action. Hickman v. Swain, 106 Tex. 431, 167 S.W. 209 (1914); Goodrich v. Superior Oil Company, 151 Tex. 46, 245 S.W.2d 958; Allied Finance Company v. Shaw, 359 S.W.2d 168 (Tex. Civ.App., Fort Worth, 1962, n. w. h.).

Judgment affirmed.