HERMANN HOSPITAL, Appellant,

v.

AETNA LIFE INSURANCE
COMPANY, Appellee.

No. C14–89–01077–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 6, 1990.

Rehearing Denied Jan. 3, 1991.

Mark Douglas Herbert, Sullins, Johnston, Rohrbach & Magers, Houston, for appellant.

John B. Shely and Lori M. Gallagher, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

CANNON, Justice.

Appellant Hermann Hospital ("Hermann") appeals from a summary judgment in its suit against appellee alleging negligent misrepresentation, equitable estoppel, and unfair and deceptive trade practices under article 21.21 of the Texas Insurance Code. The trial court granted summary judgment on the ground that all of Hermann's claims were preempted by the Employment Retirement Security Act of 1974 ("ERISA"). Finding error in the trial court's determination that Hermann's negligent misrepresentation and art. 21.21 claims are preempted by ERISA, we reverse the summary judgment as to these two claims. We affirm the trial court's judgment as to the claim of equitable estoppel.

This case arises from Hermann's admission and treatment of a former employee of Sam White Oldsmobile Company ("Sam White"), Tony Lee Prochnow. Prochnow represented to Hermann Hospital that he had insurance coverage under a group in-

surance policy provided by his employer, Sam White. Prochnow's employment with Sam White, however, had terminated approximately one month prior to his admission into Hermann Hospital and coverage under the group insurance policy had simultaneously terminated. The hospital contacted a representative of the insurance carrier, Aetna Life Insurance Company ("Aetna"), to verify Prochnow's coverage. Relying on Aetna's representation that coverage was effective, Hermann treated Prochnow and the total charge for these services came to $84,026.43. Prochnow executed an assignment of his benefits under the insurance policy to Hermann.

Aetna subsequently denied payment on Hermann's claim on the ground that no coverage was in effect at the time of Prochnow's hospitalization. Hermann then filed suit against Aetna and Sam White alleging three causes of action: negligent misrepresentation, equitable estoppel, and deceptive and unfair trade practices under Tex.Ins.Code Ann. art. 21.21. Aetna filed a motion for summary judgment asserting that ERISA preempted all of Hermann's claims. The trial court granted Aetna's motion on August 21, 1989. Upon Hermann's motion, the trial court entered an order dismissing Hermann's claims against Sam White on September 29, 1989.

■ We turn first to Aetna's procedural contention that Hermann's appeal bond was not timely filed. Aetna argues that the summary judgment became final on September 25, 1989, the date Hermann filed its motion to dismiss Sam White, rather than on September 29, 1989, the date the trial court entered the order of dismissal. We disagree. Although case law exists to support the proposition that a trial court's order of dismissal is effective as of the time the motion for dismissal is brought to the attention of the trial court and opposing counsel, *see, e.g., Cape Oil Co. v. Williams*, 427 S.W.2d 122, 125 (Tex.Civ. App.—Tyler 1968, no writ), these cases are inapplicable to the timetables established by the Texas Rules of Appellate Procedure. Rule 5(b) sets out the time periods for

perfecting an appeal of a civil case. *See* Tex.R.App.P. 5(b). Rule 5(b)(1) provides:

(1) *Date of Signing.* In civil cases, the date a judgment or order is signed as shown of record shall determine the beginning of the periods described by these rules for filing in the trial court the various documents in connection with an appeal, including but not limited to an appeal bond....

In the instant case, the trial judge signed the order of dismissal, making the prior order granting Aetna's motion for summary judgment final, on September 29, 1989. Thus, under Rule 5(b)(1), the beginning of the time period for filing an appeal bond is the September 29, 1989 date. Under Rule 41(a)(1), the appeal bond must be filed within thirty days after the judgment is signed. Hermann filed its appeal bond on October 26, 1989, within thirty days of the date the trial judge signed the dismissal order. Consequently, the appeal bond in this case was timely filed.

Although in point of error one Hermann argues that the insurance policy did not constitute an "employee benefit plan" under ERISA, Hermann conceded during oral argument the policy provided by Sam White was in fact an employee benefit plan. Thus, we need not address point one. In point two, Hermann claims that ERISA preemption does not extend to a commercial insurance carrier. In point three, Hermann argues that its claims of misrepresentation and equitable estoppel do not relate to the employee benefit plan, rendering ERISA inapplicable.

Because this appeal involves review of a summary judgment, we must apply the standard set out in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex. 1985). This standard of review requires reversal of a summary judgment unless the movant established that "there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Id.* at 548.

■ Hermann argues that its suit is not on the insurance policy or for wrongful denial of payment under the policy. Moreover, Hermann does not contest the fact

that Prochnow's coverage under the policy at the time of treatment was ineffective. Rather, Hermann seeks the damages it incurred by relying on Aetna's misrepresentation prior to treatment that Prochnow's coverage was effective. Hermann claims that it would not have rendered services to Prochnow without such assurance of payment. Hermann relies on *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir.1990) for its contention that such claims are not preempted by ERISA. We agree with Hermann that the facts and issues addressed in *Memorial* are analogous to those in the instant case.

In *Memorial*, the employer provided health care benefits to its employees and their dependents through a group insurance policy. *Id.* at 238. Coverage did not become effective until after the first thirty days of employment. *Id.* An employee's wife sought treatment at Memorial Hospital within the first thirty days of her husband's employment. *Id.* The hospital sought and received verification from the insurance company that coverage was effective and available for the patient. *Id.* The patient assigned the benefits under the policy to the hospital and the hospital treated her at a total cost of $110,829.40. *Id.* When the hospital sought payment for the services rendered, the insurance company denied the claim on the ground that coverage was not in effect at the time of treatment. *Id.*

Memorial Hospital filed suit for payment in state court alleging breach of contract, negligent misrepresentation, equitable estoppel, and deceptive and unfair trade practices under TEX.INS.CODE ANN. art. 21.21. *Id.* The insurance company removed the case to federal court based on federal question jurisdiction, alleging applicability of

ERISA. *Id.* The federal district court subsequently dismissed Memorial's breach of contract and art. 21.21 claims on the grounds that ERISA preempted Memorial's claims and that Memorial, as an assignee of benefits under the insurance policy, was not entitled to any benefits under the terms of the plan. *Id.* at 238–39. As to Memorial's claims of negligent misrepresentation and equitable estoppel, however, the district court ruled that these claims were "based on Memorial's independent position as a third-party health care provider, rather than on its derivative status as an assignee of benefits under an ERISA plan." *Id.* at 239. Thus, the district court found these claims not preempted by ERISA and remanded these claims to state court. *Id.*

On appeal, the Fifth Circuit affirmed dismissal of Memorial's breach of contract claim, but vacated the dismissal of the art. 21.21 claim and remanded it to state court.[1] *Id.* at 250. In reaching this conclusion, the court first found that the insurance coverage provided by the employer was an employee benefit plan under ERISA. *Id.* at 243. The court next considered whether ERISA preempted Memorial's art. 21.21 count and its claim of breach of contract. Because ERISA provides for preemption where the claims "relate to any employee benefit plan," 29 U.S.C.A. § 1144(a) (West 1985), the court distinguished between claims on the insurance policy brought as an assignee of the insured and those claims brought independently. *See Memorial Hosp. Sys.*, 904 F.2d at 250. Finding that Memorial's breach of contract claim was a derivative claim asserted as an assignee of the employee's rights under the insurance plan, the court held that this claim related to the employee benefit plan and thus, was preempted by ERISA. *Id.* The court

---

1. The court did not decide whether the remand to state court of Memorial's other claims, for negligent misrepresentation and equitable estoppel, constituted an abuse of discretion because the defendants failed to perfect their appeal of this issue. *See Memorial Hosp. Sys.*, 904 F.2d at 239 n. 2. Despite this fact, the court observed:

> [A claim of equitable estoppel] appears to be a claim for plan benefits, which, under the [district] court's analysis, should be preempted as relating to an ERISA plan. Moreover, Texas

courts have held that equitable estoppel is not an independent cause of action, but is rather an affirmative defense to a denial of insurance coverage. The district court, however, describing the cause of action as "a textbook example of a contract claim," may have construed Memorial's allegations as asserting the formation of an independent contract between defendants and Memorial based on a promissory estoppel theory.

*Id.* (citations omitted).

found that the art. 21.21 claim, however, was unrelated to the assignment of rights under the policy because under this count, Memorial was not seeking benefits under the policy. *Id.* Thus, the court found the art. 21.21 claims were not preempted by ERISA because they did not relate to an employee benefit plan. *Id.*

Aetna argues that the distinction drawn in *Memorial* between derivative and independent claims was based upon the *Memorial* appellant's pleading. Aetna contends that the Fifth Circuit found the breach of contract claim derivative because the breach of contract count in appellant's original complaint in *Memorial* specifically referred to the assignment of benefits. *See id.* at 244. Furthermore, the court noted that the assignment was not specifically referenced in the art. 21.21 count in the original complaint. *Id.* Thus, Aetna claims the court grounded its holding in *Memorial* on whether a reference to the assignment of benefits appeared in the particular count in the complaint. Because in the instant case Hermann's petition contained a paragraph describing the assignment of benefits and incorporated this paragraph, among others, by reference in each count, Aetna argues that, under *Memorial,* we should find all of Hermann's claims derivative and preempted by ERISA. We disagree.

Although the *Memorial* court did mention that a reference to the assignment of benefits appeared in the pleading as to breach of contract and not in the art. 21.21 count, this was a supporting, rather than controlling, factor. In our opinion, the basis for the *Memorial* court's distinction between derivative and independent claims for ERISA purposes was whether the gravamen of the cause of action was a claim for policy benefits and thus, related to an employee benefit plan. Regarding the art. 21.21 claim, the court reasoned:

[Memorial] brought this state law action in its independent status as a hospital, and [the employee's] assignment of benefits is irrelevant to Memorial's right to recover. It is undisputed that [the employer's] plan did not cover [the employee] for Memorial's services, and Memorial neither seeks benefits from the plan nor claims that the plan acted improperly in processing and denying Memorial's claim. The claim is thus independent of the plan's actual obligations under the terms of the insurance policy and in no way seeks to modify those obligations. Rather, Memorial seeks damages from an insurance company and its alleged agent, claiming that, had it not been for negligent misrepresentations of coverage, Memorial would not have accepted the financial risk of providing medical treatment to [the employee]. We do not think that Congress intended ERISA to regulate the commercial interactions of such entities in such situation.

*Id.* at 250 (citation omitted). We find this reasoning persuasive.

In the instant case, Hermann pled three causes of action: negligent misrepresentation, unfair and deceptive trade practices under Tex.Ins.Code Ann. art. 21.21, and equitable estoppel.[2] In asserting the negligent misrepresentation and art. 21.21 claims, Hermann does not seek benefits under the Sam White plan as Prochnow's assignee. Rather, Hermann seeks damages in its independent status as a hospital for Aetna's misrepresentations as to coverage upon which Hermann relied in rendering services to Prochnow. Because we agree with the Fifth Circuit's holding that such claims are independent of any obligations under an employee benefit plan, we find that the negligent misrepresentation and art. 21.21 claims do not relate to an employee benefit plan and thus, are not preempted by ERISA.[3] Accordingly, we sustain Hermann's third point of error.

---

**2.** Hermann does not argue that its claim of equitable estoppel is independent. In fact, Hermann stated in its First Amended Original Petition that "the Defendants' conduct further constitutes equitable estoppel to policy coverage of insurance on the hospitalization and treatment

of Tony Lee Prochnow." Although we agree with the Fifth Circuit that this language suggests that Hermann seeks plan benefits, *see supra* note 1, we need not address this issue.

**3.** Our holding in this case in no way conflicts with the state and federal case law cited by

We affirm the trial court's judgment as to the claim of equitable estoppel. We reverse the trial court's judgment as to the claims of negligent misrepresentation and unfair and deceptive trade practices under art. 21.21 of the Texas Insurance Code and we remand these causes of action for trial.

Aetna that holds negligent misrepresentation and art. 21.21 claims preempted by ERISA because the claims in those cases were claims for policy benefits, brought by the insured or by the hospital in its derivative capacity. *See, e.g., Hermann Hospital v. MEBA Medical & Benefits Plan,* 845 F.2d 1286 (5th Cir.1988) (court held state law claims of breach of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud preempted by ERISA in hospital's suit against employee benefit plan for payment under the policy where claim was neither approved nor denied, but was under investigation for two years); *Cathey v. Metropolitan Life Ins. Co.,* 764 S.W.2d 286 (Tex.App.—Houston [1st Dist.] 1988, writ granted) (court held claims of breach of contract, negligence, gross negligence, breach of duty of good faith and fair dealing, and unfair and deceptive trade practices under the Texas Insurance Code and the Texas Business & Commerce Code preempted where employee with effective coverage sued insurer for wrongful denial of benefits under employee benefit plan).