## J. P. CLEVENGER ET AL. v. J. W. CARIKER.

### Decided May 4, 1908.

**1.—Dismissal—Plea in Reconvention.**

In a suit for injunction, upon the announcement by the court of its decision sustaining a motion to dissolve the temporary injunction theretofore issued, the plaintiffs then and there dismissed their petition, excepted to the ruling of the court in dissolving the temporary injunction, and gave notice of appeal; thereafter the defendant filed a plea in reconvention for damages for the suing out of the injunction; plaintiffs objected to the court's entertaining the plea because their suit had been dismissed; the court overruled the objection and heard the plea. Held, error. Defendant had the right to institute an independent suit, but could not reconvene after the dismissal of the original suit.

**2.—Same—Application for Continuance—Effect.**

After plaintiff has exhausted all proper efforts to resist the filing and hearing of a plea in reconvention on the ground that the original suit had been

dismissed before such plea was filed, he can not be held to have waived his contention by filing an application for continuance as to the said plea

Appeal from the District Court of Nacogdoches County. Tried below before Hon. James I. Perkins.

*King & King* and *D. M. Short & Sons,* for appellant.

*Blount & Garrison,* for appellee.

REESE, Associate Justice.—It is only necessary to state so much of the facts of this case as pertain to the one assignment which, in the view we take of it, is decisive of the appeal.

On June 11, 1906, J. P. Clevenger and others instituted this suit in the District Court of Nacogdoches County against J. W. Cariker praying for an injunction to restrain the said Cariker from erecting any sawmill machinery and from cutting down any of the pine timber upon a certain tract of 1033 acres of land in said county, and from selling, drawing away or interfering with such timber or from disposing of any of such timber in any way. It was alleged that plaintiffs were the owners of an undivided ten-twelfths interest in said tract of land; that there was a suit pending in the Circuit Court of the United States for the Eastern District of Texas involving the title and right to the possession of a certain five leagues of land, of which the said tract of 1033 acres is a part, said suit being styled Wade Allen et al., plaintiffs, v. Samuel Dexter et al., defendants, in which plaintiffs in this suit had, by petition in intervention, interposed their claim, to which suit the said Cariker was not a party. It was further averred that defendant, under a pretended claim of title which had no foundation in law, was preparing to set up a sawmill upon said land for the purpose of cutting up the standing timber into lumber and disposing of the same. A temporary injunction to restrain him was prayed for, with prayer, on final hearing for perpetual injunction. Damages are also prayed for, but the only allegation as to such damages is that "said defendant has informed plaintiff that he intends to do the things without delay above alleged to their damage ten thousand dollars." A temporary injunction was granted on June 9.

To this suit defendant answered by general demurrer and special exceptions, setting out the pendency of the suit in the United States Circuit Court as alleged in the petition, by reason of which that court had acquired jurisdiction of the subject matter, and the want of authority of the District Court of the State to issue the injunction. It was further excepted that the petition showed that defendant was in possession of the land and therefore injunction did not lie. Defendant also made general denial, denied specially the title of plaintiffs, and pleaded specially his own title, and also pleaded to the jurisdiction on account of the pending suit in the Federal Court. This answer was followed by a motion to dissolve the temporary injunction on the grounds set up in the answer.

On September 19, being the first day of the next ensuing term of the court, the court heard the motion to dissolve the temporary in-

junction and sustained the same, and here the trouble begins. Plaintiffs contend that when the court announced that the motion was sustained they at once dismissed their suit and gave notice of appeal from the order dissolving the injunction, which appeal was perfected and is now pending in the Court of Civil Appeals of the Sixth District. No judgment was entered and no entry made on the docket of this dismissal. On October 2 thereafter defendant filed a plea in reconvention or a cross-action claiming damages for the wrongful suing out of the injunction, which was afterwards tried, resulting in a judgment against plaintiffs for $2280. From this judgment this appeal is prosecuted.

Appropriate assignments of error question the action of the court in entertaining defendant's plea in reconvention filed after they had dismissed their suit. It appears from a bill of exceptions approved and signed by the court, that when the court made its order sustaining appellee's motion to dissolve the temporary injunction, plaintiffs (appellants) in open court stated that they dismissed their original bill for injunction and asked the court to fix the amount of the supersedeas bond to be given upon their appeal. Thereafter there arose a difference between counsel as to the character of judgment to be rendered, counsel for appellants contending that the judgment should recite that the original bill for injunction had been dismissed by them. upon the announcement of the judgment dissolving the injunction. Counsel failing to agree the court had entered a judgment simply dissolving the injunction, from which plaintiffs gave notice of appeal, and fixing the amount of the appeal bonds. Afterwards appellants moved the court to correct the judgment so as to make it show their dismissal of their suit, and offered evidence to show that they had done so, which the court refused to hear, and refused to correct the judgment, to which appellants excepted. The main significance of the bill of exceptions is the unqualified statement approved by the court, that upon the dissolution of the injunction appellants dismissed their suit. Again, when the case came on for trial upon appellee's plea in reconvention, appellant protested that the court had no jurisdiction and presented a plea to that effect on the ground that the suit had been dismissed, which plea was overruled, to which appellants excepted and their bill of exceptions approved by the court contains the unqualified statement that "upon the 19th of September, 1906, upon a hearing of a motion filed by the defendant to dissolve said writ of injunction the court sustained said motion and entered its judgment dissolving said original writ of injunction, at which time counsel for plaintiffs stated to the court that in view of its holding upon the motion to dissolve, they dismissed their original petition for injunction and gave notice of appeal." It is further admitted in appellee's brief that "after the court sustained exceptions and dissolved the writ heretofore granted by W. H. Pope, plaintiffs' counsel in open court stated that they would dismiss their cause then pending in the District Court and gave notice of appeal." In this connection it is stated in appellee's brief that no action was taken by the court on the dismissal and no notation made on the docket with regard thereto, which we take it is a fact. It must then be taken as established by the record that appellants did in fact, upon

the dissolution of the injunction, dismiss their suit in open court, and that this was done before any plea in reconvention or cross-action was filed by appellees.

Article 1301, Revised Statutes, provides: "At any time before the jury have retired the plaintiff may take a nonsuit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief; when the case is tried by the judge such nonsuit may be taken at any time before the decision is announced."

It was clearly the right of appellants to take a nonsuit, or in other words, dismiss their suit at the time they elected to do so (Hoodless v. Winter, 80 Texas, 638), and the court erred in not entering judgment in accordance therewith. The court could not, by the failure and refusal to enter the judgment of dismissal, keep the case on the docket so as to authorize a hearing upon appellee's plea in reconvention filed after such dismissal. Appellants were not in default in their efforts to have the proper judgment entered, upon the acknowledged fact of such dismissal. What effect this voluntary dismissal would have upon their appeal from the order dissolving the injunction does not concern the question before us.

Appellee had the right to institute an independent action for damages for the wrongful suing out of the injunction. Indeed, it is stated in appellants' brief and not denied by appellee that he had done so. Appellants can not be held to have waived their right to insist upon a dismissal of the suit by afterwards applying for a continuance of the cause as to the plea in intervention, after they had exhausted their efforts to resist a hearing of the same in this cause. They had a right to have that matter presented in an independent action, and not by way of reconvention in their suit which they had dismissed. This renders it unnecessary to pass upon the other assignments of error which present errors committed in the trial of the issue upon the plea in reconvention.

For the error indicated the judgment of the trial court is reversed and judgment here rendered dismissing the original suit and the appellee's plea in reconvention, without prejudice to his right to prosecute an independent action for damages.

*Reversed and rendered.*