HOWE et al. v. CENTRAL STATE BANK OF COLEMAN.   (No. 7143.)

Court of Civil Appeals of Texas. Austin.
July 6, 1927.

Rehearing Denied Aug. 6, 1927.

**1. Appeal and error ☞1040(2)—Parties who withdrew pleadings could not complain that court erred in previously sustaining demurrers and exceptions thereto.**

Where certain parties withdrew all their pleadings in case under leave of court, they could not complain that court erred in previously sustaining demurrers and exceptions to pleadings withdrawn.

**2. Appeal and error ☞1042(1)—Striking out general denials to defendant's cross-action held not prejudicial, where plaintiff's original pleadings containing general denials were reinstated (rule 14 for district and county courts).**

Action of trial court in striking out general denials to defendant's cross-action on sustaining demurrers and exceptions to supplemental pleadings filed by plaintiff and other defendant *held* not prejudicial, under rule 14 for district and county courts, where original pleadings, which contained general denials, were reinstated.

**3. Appeal and error ☞882(1)—Parties, whose attorney, questioned as to desire for jury, replied clients were not in court, held estopped to deny waiver of jury trial.**

Where attorney of record of plaintiff and one of defendants, when asked whether jury was desired on trial of other defendant's cross-action, replied that his clients were no longer in court, and he had nothing to say, such plaintiff and defendant waived jury trial, or were at least estopped to deny waiver on appeal.

**4. Pleading ☞339—Plaintiff's petition withdrawn on dismissal of plaintiff's action, nevertheless remains part of defendant's pleadings on his cross-action.**

Plaintiff's petition remains part of defendant's pleadings on cross-action for affirmative relief, even where plaintiff has dismissed his suit and withdrawn his petition.

**5. Dismissal and nonsuit ☞19(3)—Plaintiff's nonsuit and withdrawal of pleadings after answering cross-action held not to deprive defendant of right to judgment on cross-action, even if defendant's pleadings were dependent on petition (Rev. St. 1925, art. 2182).**

Plaintiff who answered cross-action in which she had been duly cited did not, by taking nonsuit and withdrawing her pleadings, deprive defendant of right to judgment on its cross-action, under Rev. St. 1925, art. 2182, even if defendant's pleadings on its cross-action were, standing alone, insufficient and had to be aided by petition.

**6. Judgment ☞106(9)—Judgment taken on defendant's withdrawal of answer amounts to confession by defendant of plaintiff's cause of action; "judgment nihil dicit."**

Judgment taken against party who withdraws his answer is "judgment nihil dicit," which amounts to confession of cause of action stated, and carries with it, more strongly than judgment by default, admission of justice of plaintiff's case.

[Ed. Note.—For other definitions, see Words and Phrases, Nihil Dicit.]

**7. Judgment ☞106(9)—Action of court in rendering judgment on defendant's cross-action without hearing evidence held not error, where answer thereto was withdrawn.**

Action of court in rendering judgment without hearing evidence on defendant's cross-action *held* not error, where plaintiff and other defendant withdrew answer, thus virtually admitting cause of action stated in cross-action.

Error from District Court, Coleman County; J. O. Woodward, Judge.

Action by Mrs. S. E. Howe against Oscar Howe and the Central State Bank of Coleman, in which defendant Central State Bank of Coleman filed a cross-action. Judgment for defendant bank against plaintiff and defendant Oscar Howe, and plaintiff and defendant Oscar Howe bring error. Affirmed.

Jenkins, Miller & Harris, of Brownwood, and Critz & Woodward and J. B. Dibrell, Jr., all of Coleman, for plaintiffs in error.

W. Marcus Weatherred, of Coleman, for defendant in error.

BLAIR, J. The parties are designated appellants and appellee. Appellant Mrs. S. E. Howe, sued her son appellant Oscar Howe, on his 12 notes to her, aggregating $6,000, alleging that she conveyed to him by deed of even date with the notes certain described lands; that, although the deed recited a cash consideration of $6,000, such was not true, and that the notes were executed in payment of the lands; and she also sought foreclosure of an implied lien on the lands by virtue of the facts alleged. She made appellee bank a party defendant as a subsequent lienholder upon the allegation that, after the execution of the notes and deed in suit, and with full knowledge and notice thereof, appellee accepted a deed of trust from appellant Oscar Howe, to secure it in the payment of his $10,000 note and other indebtedness. Among other things, the appellee bank answered that it had no knowledge or notice of the notes in suit, and pleaded by way of estoppel the terms of the deed conveying the property to Oscar Howe reciting a cash consideration. Appellee bank also filed a cross-action against both of the appellants, alleging that a regular sale of the lands had been made by the trustee under power given in the deed of trust in satisfaction of the in-

debtedness which it secured; that it became purchaser of the lands at that sale and was the owner of the lands, pleading its title thereto fully and completely; that its indebtedness secured by the deed of trust in part represented money furnished by it to pay outstanding indebtednesses and liens against the lands, owing by Mrs. Howe before she sold the land to her son, and appellee prayed that it be subrogated to all rights and liens of the former lienholders; and further alleging that it had instituted a separate suit against appellants and had therein sequestered the lands in controversy; and prayed that it "go. hence without day, with its costs, and that it be quieted in its title to said lands and premises, and for general relief." Appellee caused a citation on its cross-action to be duly issued and served upon both of the appellants; and they each answered the cross-action by demurrers and exceptions, and a general denial, and later Mrs. Howe by a first supplemental petition and Oscar Howe by a first-amended supplemental answer sued appellee by way of cross-action for alleged damages growing out of the sequestration of the land by appellee in his separate suit. Appellee addressed certain demurrers and general and special exceptions to these last pleadings of appellants, which were sustained by the trial court, and thereupon the following proceedings according to recitations in the judgment took place:

"And thereupon the plaintiff, S. E. Howe, in open court asked leave to withdraw all supplemental pleadings theretofore filed by her in said cause and said leave was granted. Whereupon the said plaintiff, S. E. Howe, in open court withdrew all supplemental pleadings filed by her in said cause. And thereupon the defendant Oscar Howe in open court asked leave to withdraw all pleadings theretofore filed by him in said cause, which leave of court was granted, and thereupon the said defendant Oscar Howe, in open court, withdrew all pleadings theretofore filed by him in said cause. And thereupon the plaintiff, S. E. Howe, asked leave of court to take a nonsuit in said cause, whereupon defendant the Central State Bank called the attention of the court to the fact that it had a cross-action on file herein against the plaintiff, S. E. Howe, and the defendant Oscar Howe, and that it demanded trial on its cross-action, and thereupon in open court the said plaintiff, S. E. Howe, took a nonsuit and dismissed her suit herein. And it is therefore ordered, adjudged, and decreed that the suit of the said plaintiff, S. E. Howe, be and the same is hereby dismissed, and thereupon the said plaintiff and the said defendant Oscar Howe withdrew and appeared no further in said cause, and thereupon the defendant the Central State Bank of Coleman, Tex., in open court demanded a judgment by default on its cross-bill against the plaintiff, S. E. Howe, and the defendant Oscar Howe, and it appearing to the court that said S. E. Howe and Oscar Howe had been duly cited to appear and answer said cross-action and had heretofore urged exceptions to said answer and cross-action, no jury having been impaneled, the court thereupon inquired of J. B. Dibrell, Jr., one of the attorneys who had been representing the plaintiff, S. E. Howe, and the defendant Oscar Howe in the above styled and numbered cause, and who was still present in open court, whether or not the plaintiff, S. E. Howe, and the defendant Oscar Howe desired a jury to be impaneled in said cause, whereupon said J. B. Dibrell, Jr., replied to the court that the plaintiff and defendant were no longer in court, and that he had nothing to say; thereupon the said defendant the Central State Bank of Coleman, Tex., without having any jury impaneled, insisted upon its right to have a default judgment on its cross-action, and submitted all issues of law and fact to the court without the intervention of a jury, and thereupon the court after hearing the pleadings and without hearing any evidence rendered judgment by default in favor of the defendant the Central State Bank of Coleman, Tex., on its cross-bill against plaintiff, S. E. Howe, and the defendant Oscar Howe."

The writ of error is from the judgment rendered and the following questions are presented for our determination:

[1, 2] 1. That, in sustaining the demurrers and exceptions to the supplemental pleadings of appellants in answer to appellee's cross-action, the trial court also struck out their general denials. For two reasons the contention is not sustained: First, because the appellants, having under leave of the court withdrawn all their pleadings, will not be heard to complain that the court erred in sustaining demurrers and exceptions thereto; and, second, because the record shows that upon the sustaining of the demurrers and exceptions to the supplemental pleadings the original pleadings were thereby reinstated, which pleadings contained general denials, and therefore no injury resulted to appellants. 31 Cyc. 604; rule 14 for district and county courts.

[3] 2. That the court erred in rendering judgment without submitting the case to the jury. The facts recited in the judgment, supra, clearly show that appellants, through their attorney of record, waived a jury trial, or they are at least estopped to now claim that he did not do so. 35 C. J. 201–204; Boyce v. Howell (Mo. App.) 210 S. W. 89.

[4, 5] 3. That appellee's pleadings on its cross-action were insufficient to authorize the judgment after appellant Mrs. S. E. Howe took her nonsuit and withdrew her pleadings; and because the cross-action did not seek any affirmative relief except in the event Mrs. Howe obtained affirmative relief by her suit. Neither contention is sustained. Appellee pleaded fully and completely by its cross-action its title to the lands and its right to have the title quieted as against both appellants. But if it should be conceded that appellee's pleadings on its cross-action were, standing alone, insufficient and had to be aided by appellant Mrs. S. E. Howe's petition to state a cause of action, still appellee's

cross-action is unaffected by her dismissal of her suit and withdrawal of her petition. The petition under such circumstances remains a part of defendant's pleadings on his cross-action for affirmative relief. Giraud v. Ellis (Tex. Civ. App.) 24 S. W. 967. Certainly Mrs. Howe, after answering the cross-action in which she had been duly cited, could not, by taking a nonsuit and withdrawing her pleadings, deprive appellee of its right to judgment on its cross-action legally asserted in this case. Article 2182, R. S. 1925; Burford v. Burford (Tex. Civ. App.) 40 S. W. 602; French v. Groesbeck, 8 Tex. Civ. App. 19, 27 S. W. 43; Akard v. Western Mortg. Co. (Tex. Civ App.) 34 S. W. 139.

[6, 7] 4. That the court erred in rendering judgment without hearing evidence thereon.

Each of the questions above discussed must be determined adversely to appellants' contention under the well-settled rule that, where a party occupies the position of a defendant, as did each of the appellants in reference to appellee's cross-action, and withdraws his answer, it amounts, as said in Gilder v. McIntyre, 29 Tex. 89—

"to a judgment 'nihil dicit,' which is regarded as a species of judgment by confession, and carries with it more strongly the admission of the justice of the plaintiff's cause of action (and will operate as a waiver of more errors) than a judgment by default. A judgment 'nihil dicit' amounts to a confession of the 'cause of action stated, or attempted to be stated, in the petition,' if the amount claimed can be ascertained by the proceedings had on a judgment by default, that is, a writ of inquiry on an unliquidated demand, or by the clerk upon a liquidated demand, evidenced by a written instrument filed as part of the petition, or sufficiently described to enable the clerk to make a computation of the amount due." Storey v. Nichols, 22 Tex. 93.

Or, as is said in Graves v. Cameron, 77 Tex. 273, 14 S. W. 59:

"Withdrawal of the answer was a confession of the cause of action as stated in the petition, and no proof of it was therefore necessary.".

Or, as said in Spivey v. Ragley Lumber Co. (Tex. Com. App.) 284 S. W. 210:

"In reviewing nil dicit judgment, court will not examine petition to determine legal sufficiency of its averments to state cause of action."

Or, as is held in Wheeler v. Pope, 5 Tex. 262:

"The record shows that the defendant was present; that he withdrew his defense; and it does not appear that he objected to the judgment, as entered up against him. It is, then, nothing more than a fair inference, that he assented to it; and to this assent we will hold him."

The above has been the rule in Texas since the earliest decisions. In reference to the sufficiency of a petition to show a cause of action and that the court should have submitted the case to a jury, it was held in the case of Cartwright v. Roff, 1 Tex. 78, that:

"Indeed it may be well questioned if the ends of justice have been ever advanced by permitting a party, after having appeared and made, or expressly declined making, a defense in the court below, to set up a defense he could have so made then and there, in an appellate tribunal. The Supreme Court of Louisiana * * * ruled that a judgment by default is an admission of the cause of action, and it would seem to us that a fortiori, a judgment by nil dicit, would be the same.

"We believe, therefore, that all the objections to the petition were waived by withdrawing the answer."

We find no error in the judgment, and it is affirmed.

Affirmed.