## Ex Parte J. F. Norton.

No. 5400. Decided June 12, 1929.
(17 S. W., 2d Series, 1041.)

*John G. Wilson,* for petitioner.

A plaintiff has a right, at all times, to take a non-suit, absolutely, and without qualifications or restrictions, provided such non-suit shall not prejudice the right of the adverse party to be heard on any affirmative relief asserted in his pleadings. Art. 2182, Vernon's Texas Civil Statutes; White v. Williams, 13 Texas, 258; Peck v. Keller, 33 Texas, 234–40; Clevenger v. Cariker, 110 S. W., 795;

Hume v. Schintz, 91 Texas, 204; Walker & Son v. Hernandez, 92 S. W., 1068; Weil v. Abeel, 206 S. W., 735; Hoodless v. Winter, 80 Texas, 638.

Taking a non-suit by the plaintiff, the husband, cancelled any unpaid installments of alimony that the plaintiff may not have paid at that time; a non-suit finally disposes of the suit, and the court is without authority to make any further orders therein. Wright v. Wright, 6 Texas, 29; Ernst Scherff v. Mo. Pac. R. Co., 81 Texas, 471.

*Frank H. Rawlings,* for Mrs. Mary Norton.

The plaintiff having taken a non-suit after the order was entered requiring him to pay alimony and before the actual payment thereof did not discharge him from further liability to pay the same and the court by reason of such non-suit did not lose his authority or jurisdiction to enforce the payment. Wright v. Wright, 6 Texas, 29, distinguished; Varn v. Varn, 125 S. W., 629.

Plaintiff contends that his right to take a non-suit is statutory and the court could not qualify as he did by the docket entry. We have been unable to find any authorities on the question, but we consider that the issue raised is immaterial to the disposition of the case now before the Supreme Court. Even if plaintiff had the unqualified right to take a non-suit and dismiss the case as he contends, this would not, in our view, alter his liability to pay the alimony which was secured under cross-action for affirmative relief. Certainly he could not dismiss defendant's cross-action and plea for affirmative relief. Therefore we regard the question of his unqualified right to dismiss or non-suit to be immaterial at this time. However, the courts held generally that a litigant has no standing in Court when he is guilty of contempt; the courts have held many times that plaintiff could not insist upon a trial of his case on the merits if he was in contempt of court, until after he had purged himself of this contempt, and we see no reason why this principle would not apply in the present case.

Mr. Judge CRITZ delivered the opinion of the Commission of Appeals, Section A.

### STATEMENT OF THE CASE.

This is an original habeas corpus proceeding in which relator, J. F. Norton, seeks release from an alleged restraint of his liberty. It appears from the contempt order and the record before us, that on May 28, 1927, relator filed suit in the 101st District Court of

Dallas County, Texas, for a divorce against his wife, Mary Norton. Various proceedings were had in this suit not necessary to relate in this opinion. At some time prior to January 4th, 1928, the wife, who contested the divorce and filed no cross action for a divorce herself, filed a motion for alimony. On January 4th, 1928, the relator and his wife both being present, the court heard the motion for alimony, and made an entry on his trial docket allowing the wife alimony in the sum of $15.00 per week, during the pendency of the divorce suit. This docket entry, so far as shown by the record, was never carried to the minutes of the court. At some time after January 7, 1928, the relator took the matter of payment of alimony up with the court, and the court instructed relator orally that he would suspend the payment of alimony until the hearing of the divorce suit. On February 15, 1929, the divorce suit was tried by jury, and judgment entered for the wife denying the relator a divorce. This judgment was set aside and a new trial ordered on April 6, 1929.

Immediately after the new trial was ordered, and on said date of April 6, 1929, the wife requested the court to hear and determine a motion for contempt she had theretofore filed on account of the failure of relator to pay alimony in accordance with the docket order of January 4, 1928. After said request and on that date, the court then and there entered the following decree in his minutes:

"No. 68965-E.

"J. F. NORTON       IN THE 101ST DISTRICT COURT
       vs.                    in and for
MARY NORTON          DALLAS COUNTY, TEXAS

"On this the 6th day of April came on to be heard the motion of the defendant, Mary Norton, to have the plaintiff, J. F. Norton, adjudged in contempt of Court for his failure to pay alimony to the defendant under the order of this court heretofore made and entered on the 31st day of December, 1927, by the terms of which plaintiff was required to pay to the clerk of this court for the benefit of defendant the sum of $15.00 per week and it appearing to the Court that the plaintiff has wholly failed to comply with said order except for the payment of one week's alimony thereunder and the Court being fully advised in the premises is of the opinion that the plaintiff should be required to pay to the defendant back alimony under said order at the rate of $15.00 per week since the 15th day of February, 1929, and during the further pendency of this suit.

584

"IT IS THEREFORE ORDERED, ADJUDGED AND DE-CREED by the Court that the plaintiff, J. F. Norton, pay to the defendant, Mary Norton, alimony at the rate of and in the sum of $15.00 per week since and including February 15, 1929, and during the further pendency of this suit; and it is the further order of this court that all of said alimony accumulating since February 15, 1929, to the date of this order shall be paid by the plaintiff to the clerk of this court for the benefit of the defendant on or before Wednesday, April 10, 1929, and on said date he shall also pay to the clerk for her benefit the weekly payment of $15.00 maturing on Friday, April 12, 1929, and shall after said last named date pay to the clerk for the benefit of the defendant on or before Friday of each week during the further pendency of this suit the sum of $15.00.

"It is also ordered by the Court that further action on the motion to have the plaintiff adjudged in contempt of Court shall be deferred to give the plaintiff an opportunity to comply with this order. Upon plaintiff's failure to comply with this order further action may be had by the Court on said motion for contempt.

"(Signed) CLAUDE M. McCALLUM,
"Judge of the 101st Judicial District.
"(Endorsements) 68965-E Norton v. Norton Alimony order D/293, Filed Apr. 6, 1929, J. B. FINKS Dist. Clerk, Dallas Co., Texas. By U. R. Oliver Deputy."

It will here be noted that the above order recites the fact that the original alimony order was made on December 31, 1928, while the order, later made on May 6, 1929, adjudging relator in contempt, recites that the original alimony order was made on January 4, 1929. However, this is immaterial.

Immediately after the awarding of the above decree, the relator, in open court, took a non-suit on his divorce suit, and the court made the following entry on his trial docket:

"April 6, 1929, plaintiff in open court takes non-suit, but court refused to allow a non-suit until the alimony is paid as directed, and when paid court will then act on said request for non-suit as he deems best—(plaintiff excepts)."

Later, on May 6, 1929, after entering the order refusing to allow the relator a non-suit, the trial court proceeded to hear the contempt motion, and adjudged the relator in contempt of court for failure to pay back alimony for 8 weeks in the sum of $120.00, fining him $50.00, and committing him to jail for three days, and until he should purge himself by paying back alimony in the sum of $120.00.

The application for writ of habeas corpus and issuance of the writ followed.

As disclosed by the statement above made, the relator in open court took a non-suit in the divorce proceedings before any contempt order had been entered by the court. The court noted on his trial docket the fact that relator took a non-suit but refused to allow the non-suit until the relator should pay up the back alimony. The trial court was in error in refusing to allow the non-suit. The relator, who was plaintiff there, had the right to take a non-suit on his action for a divorce at any time he saw fit. The wife had filed no cross-action for a divorce. Our statute gives the plaintiff the right to take a non-suit at any time before the jury has retired, when a case is tried by jury, and when tried by the judge at any time before the decision is announced. This right is absolute and unqualified, except such non-suit shall not prejudice the right of the adverse party to be heard on any affirmative relief asserted in his pleadings. Art. 2182, R. C. S. of Texas, 1925; White v. Williams, 13 Texas, 258; Peck v. McKellar, 33 Texas, 234; Hoodless v. Winter, et al., 80 Texas, 638. A motion for alimony is not a cross-action within the meaning of the statute.

Had the court granted relator his legal rights and dismissed the divorce suit when he in open court took a non-suit, he would have lost jurisdiction of the divorce proceedings as such, and would have had no power or jurisdiction to enter a contempt order for failure of relator to pay alimony, and, had the relator been accorded the right which was absolutely given him under the statute, there would have been absolutely no way to enforce the payment of the back alimony claimed by the wife. Wright v. Wright, 6 Texas, 29. Inasmuch as the relator had the right to dismiss his divorce action, and thus end the divorce proceedings, we are of the opinion that the trial court could not prejudice his rights by refusing to allow the non-suit and dismiss the suit for divorce.

We recommend that relator be enlarged.

The opinion of the Commission of Appeals is adopted and the Relator discharged.

*C. M. Cureton,* Chief Justice.