Alton F. STANZEL et al., Appellants,

v.

Willie Mae O'BRIEN et al., Appellees.

No. 8305.

Court of Civil Appeals of Texas, Beaumont.

July 12, 1979.

Rehearing Denied July 31, 1979.

W. T. Miller, Gonzales, for appellants.

William R. Laughlin, Baytown, for appellees.

CLAYTON, Justice.

This is a will contest in which Betty Chesbro, proponent, sought application to probate a will of Frank Stelzig, decedent, dated September 16, 1971. Appellants, heirs at law of the decedent, contested such application. Appellees intervened with an application to probate an earlier 1965 will and contested Chesbro's application.

This appeal arises from the trial court's granting of appellees-intervenors' motion for leave to take a non-suit without prejudice. The record reflects that at the conclusion of the presentation of all the evidence by all parties and after all parties had rested, appellants filed their motion for instructed verdict as against appellees. In response to such motion, appellees filed their motion for leave to take a non-suit without prejudice, and the trial court granted such motion. The court dismissed appellees' application to probate the will of Frank Stelzig dated July 20, 1965, without prejudice to refile their application to probate such will. Subsequently, appellants filed their motion requesting that such order of dismissal be amended so as to order such dismissal with prejudice to refile. This motion was overruled by the trial court.

Appellants urge, by their fifth point, error by the trial court in granting "Appellees' Motion for non-suit after Appellees had rested their case and in not dismissing Appellees' suit with prejudice."

*Tex.R.Civ.P. 164*, as amended effective January 1, 1976, provides:

"Upon the trial of any case at any time before plaintiff has rested his case, i. e., has introduced all of his evidence other than rebuttal evidence, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief."

Prior to this amendment, the plaintiff could not take a non-suit, as a matter of right, at any time before the court announced its decision in open court. *Mitchell v. Coker*, 531 S.W.2d 204 (Tex.Civ.App.—Waco 1975) writ ref'd n. r. e. per curiam, 535 S.W.2d 175 (Tex.1976). As amended, the rule now permits the plaintiff to take a non-suit only until it rests its own case-in-chief. *Coker v. Mitchell*, 535 S.W.2d at 176.

The non-suit and dismissal thereon granted by the trial court in the case at bar was not an adjudication of the rights of any of the parties. The obvious intent and effect of *Tex.R.Civ.P. 164*, as amended in 1976, is that once the plaintiff has elected to proceed with his case and introduced all his testimony and rests, then the defendant is entitled to an adjudication of all the rights of the parties before the trier of facts. The non-suit taken by appellees deprived appellants the right to such adjudication. *Rule 164* now specifically prohibits the taking of a non-suit after appellees had rested their case-in-chief.

The question before this court at this time is the appropriate relief to be afforded appellants in view of appellees' impermissible non-suit. To reverse and remand will be, in effect, to give and allow the appellees the very same relief they were erroneously accorded by the trial court. All parties in this case had presented their evidence and rested. Appellants had properly filed their motion for instructed verdict as against appellees. The act of the trial court in erroneously permitting appellees to take their non-suit was tantamount to overruling appellants' motion for instructed verdict. Appellees admit in their brief that such motion for instructed verdict was legally sound and, by inference, would and should have been granted by the court. It is clear that such was the reason for taking the non-suit. To permit a non-suit without prejudice under these circumstances would completely nullify the provisions of *Rule 164* and render the same meaningless. To give effect and meaning to *Rule 164* we hold that when plaintiff takes a non-suit after he has presented his evidence and has rested his own case-in-chief, the order of dismissal entered thereon shall be one of dismissal with prejudice to refile.

The trial court's order of dismissal without prejudice is reversed, and we render the order which should have been entered by the trial court: The application of appellees to probate the will of Frank Stelzig, dated July 20, 1965, is dismissed with prejudice to refile.

REVERSED and RENDERED.