NEWMAN OIL COMPANY, et al., Appellants,

v.

Albert B. ALKEK and Foremost Petroleum, Appellees.

No. 13–82–193–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 8, 1983.

John Feather, Hubbard, Thurman, Turner, Tucker & Glaser, Dallas, for appellants.

Thomas R. McDade, Fulbright & Jaworski, Houston, for appellees.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is the second time this case has reached us on an appeal by the plaintiffs from the granting of a summary judgment in favor of the defendants. For the first appeal, see *Newman Oil Company, et al. v. Albert B. Alkek, et al.,* 614 S.W.2d 653 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). Following the judgment of this Court remanding the cause to the trial court "for retrial with instructions to enter an order granting plaintiff's motion for nonsuit," the trial court rendered a second summary judgment in favor of Albert B. Alkek and Foremost Petroleum Corporation, Inc. The second summary judgment is before us in the instant appeal.

Newman Oil Company and the other parties, appellants in this appeal, will henceforth be referred to as "plaintiffs." Albert B. Alkek and Foremost Petroleum Corporation, Inc., appellees in this appeal, will henceforth be referred to as "defendants."

The first issue to be resolved in this appeal is whether the case was concluded in its entirety prior to the rendition of the summary judgment now before us.

The sequential procedural background in this litigation is as follows: 1) (a) plaintiffs originally filed their action against defendants in the District Court of Dallas County, Texas, (b) thereafter defendants timely filed pleas of privilege and answers, (c) the District Court of Dallas County, Texas, granted such pleas of privilege and an appeal was taken to the Court of Civil Appeals at Dallas, (d) the Dallas Court of Civil Appeals affirmed the trial court's judgment; see *Newman Oil Company, et al. v. Albert B. Alkek, et al.,* 585 S.W.2d 340 (Tex.Civ.App.—Dallas 1979, no writ); 2) (a) the case was then transferred to the District Court of Victoria County, Texas, where it was docketed as "Cause No. 26-745," (b) defendant Alkek filed libel and slander claims against each of the plaintiffs, (c) the defendants filed motions for summary judgment against plaintiffs in connection with the claims asserted by plaintiffs, (d) the defendants filed claims which they denominated as counterclaims for declaratory judgment and also filed motions for summary judgment on their purported counterclaims; 3) (a) thereafter, plaintiffs, in their asserted capacities as cross-defendants filed pleas of privilege to the asserted counterclaims for declaratory relief prayed for by defendants, (b) plaintiffs filed their pleas in abatement to the asserted counterclaims filed by defendants; and, 4) plaintiffs, on November 9, 1979, took a nonsuit and in connection therewith filed a document entitled "Dismissal without Prejudice (Nonsuit), pursuant to Rule 164, Texas Rules of Procedure"; wherein they stated: "the plaintiffs without prejudice respectfully take a nonsuit ..." and, prayed "that the Court enter its order dismissing the Plaintiffs' cause of action without prejudice."

On December 6, 1979, a hearing was had before the court on all motions then pending. After, considering all of the motions, the trial court denied plaintiffs' 1) "motion for nonsuit," 2) their pleas of privilege concerning the purported counterclaims of the

defendants, and 3) their pleas in abatement to the counterclaims. The judgment of the trial court further recited:

"It is further ORDERED, ADJUDGED and DECREED that defendants' and cross-plaintiffs' motion for summary judgment on the counterclaims for declaratory relief be granted and the Court hereby grants the declaratory relief prayed for by cross-plaintiffs Alkek and Foremost and declares pursuant to Tex. Rev.Civ.Stat.Ann. Article pursuant to Tex.Rev.Civ.Stat.Ann. Article 2524–1 as follows:

(1) Plaintiffs are not entitled to any relief against defendants and cross-plaintiffs under the Texas Deceptive Trade Practices-Consumer Protection Act for any acts arising from the transactions alleged in plaintiffs' original petition.

(2) Defendants and cross-plaintiffs Alkek and Foremost have not engaged in common law tort, fraud, deceptive trade practice or breach of contract on any claim cognizable under the law of the State of Texas in the execution of a three-party agreement or otherwise as alleged by plaintiffs.

It is further ORDERED, ADJUDGED and DECREED that cross-plaintiff Alkek's motion for non-suit of his libel and slander counterclaims which was filed after the December 6, 1979 hearings be granted, and that cross-plaintiff Alkek's cross-action against cross-defendants for libel and slander be dismissed without prejudice to cross-plaintiffs' counterclaims for declaratory relief."

The aforesaid judgment of the District Court of Victoria County, Texas, which was signed on February 11, 1980, was then appealed to this Court. Defendant Alkek did not appeal from that portion of the judgment which dismissed his libel and slander counterclaims and cross action against the plaintiffs.

This Court's opinion in the prior appeal was delivered on April 16, 1981. The pertinent provisions of defendants' counterclaims are set out on pages 654–655 of our published opinion and will not be re-stated herein. This Court, in addition to holding that the trial court's rulings on the order denying plaintiffs' motion for nonsuit, their pleas in abatement and their pleas of privilege were "erroneous," expressly said, held and ordered (page 655):

"We hold that the above allegations pled in defendants' counterclaim are not any averments of fact upon which affirmative relief could be granted. They are merely denials of plaintiffs' cause of action. Since plaintiffs had an absolute right to a nonsuit, the trial court had no other alternative than to grant the nonsuit and dismiss plaintiffs' cause of action without prejudice. Accordingly, the trial court's other rulings were erroneous.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter an order granting plaintiffs' motion for nonsuit."

The judgment of this Court, which was issued on April 16, 1981, in pertinent part, recited:

"THIS CAUSE was submitted to the Court on December 4, 1980, on oral argument, briefs and transcript of the record. These having been examined and fully considered, it is the opinion of the Court that there was some error in the judgment of the court below and said judgment is hereby REVERSED and the cause is REMANDED to the trial court for retrial with instructions to enter an order granting plaintiffs' motion for nonsuit."

After the Supreme Court refused a writ of error with the notation "no reversible error," a mandate from this Court was duly issued On October 15, 1981. The trial court did not at any time thereafter dismiss the cause. The case, "Cause No. 26745," remained on the docket of the trial court as an active case, despite the issuance of our mandate.

The defendants did not file any amended counterclaims after April 16, 1981, when the decision of this Court was delivered. Nevertheless, on November 2, 1981, the de-

fendants filed a second motion for summary judgment in Cause No. 26745, wherein, they alleged:

"1. Counterclaimants did not engage in common law fraud or fraud in the inducement to execute the three-party agreement between counterdefendants, Foremost Petroleum Corporation, Inc., and Atlantic-Richfield Company.

2. Counterclaimant Foremost Petroleum Corporation, Inc. did not breach the three-party agreements with the counterdefendants, and counterclaimant had no contracts with the counter-defendants other than the three-party agreements.

3. Counterclaimants did not commit any false, misleading, or deceptive act or practice related to the three-party agreements."

Thereafter, on April 8, 1982, the trial court signed a judgment which, in pertinent part, reads as follows:

"Accordingly, it is ORDERED, ADJUDGED and DECREED that judgment be granted pursuant to Tex.Rev.Civ.Stat. Ann. Art. 2524–1 as follows:

(1) Counter-plaintiffs Albert B. Alkek and Foremost Petroleum Corporation, Inc. did not engage in any sort of common law fraud in their dealings with counter-defendants and counter-plaintiffs did not engage in fraud in the inducement to execute the three-party agreements between counterdefendants, Foremost Petroleum Corporation, Inc. and Atlantic-Richfield Company.

(2) Counter-plaintiff Foremost Petroleum Corporation, Inc. did not breach any three-party agreements between counterdefendants, Foremost Petroleum Corporation, Inc. and Atlantic-Richfield Company."

The plaintiffs have duly appealed from that judgment. In their attack on the judgment, they contend that the trial court erred: 1) "in not complying with the judgment of the Court of Civil Appeals dated April 16, 1981"; 2) "in failing to apply the law of the case"; and, 3) in rendering summary judgment on defendants' second motion for summary judgment on the ground

that the trial court did not have either the jurisdiction or the power to render such judgment. We agree.

■ Rule 164, Texas Rules of Civil Procedure, provides:

"Upon the trial of any case at any time before plaintiff has rested his case, i.e., has introduced all of his evidence other than rebuttal evidence, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief."

The language of the Rule does not prohibit the plaintiff from taking a nonsuit after a motion for summary judgment by the defendant has been filed; the language of the Rule applies only to a trial on the merits and does not apply to summary judgment proceedings. *Extended Services Program, Inc. v. First Extended Service Corporation,* 601 S.W.2d 469, (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.).

■ Rule 164 gives the plaintiff the right to take a nonsuit at any time before he has rested his case. This right is absolute and unqualified except such nonsuit shall not prejudice the right of the adverse party to be heard on any affirmative relief asserted in his pleading on file when the nonsuit is taken. *Ex parte Norton,* 118 Tex. 581, 17 S.W.2d 1041 (1929); *Hoodless v. Winter,* 80 Tex. 638, 16 S.W. 427 (1891).

■ The allegations and assertions of defendants in their counterclaims, at the time the nonsuit was taken, were analyzed by this Court in the prior appeal. There, we held that such allegations were "merely denials of plaintiffs' cause of action" and were not "any averments of fact upon which affirmative relief could be granted," and that "plaintiffs had an absolute right to a nonsuit." That decision is the law of the case insofar as this appeal is concerned. *Kendall & Harcourt v. Mather,* 48 Tex. 585, 597–598 (1878); *Wood v. Wheeler,* 9 Tex. 127 (1852).

■ The allegations contained in defendants' counterclaims were purely defensive and did not constitute a claim for affirma-

tive relief. Therefore, plaintiffs, since they had not rested their case at the time they took their nonsuit, were entitled as a matter of law to have the entire *cause* dismissed at the time the nonsuit was filed. *Gibson v. Gibson,* 653 S.W.2d 646 (Tex.App.—Waco 1983, no writ). See also *Greenberg v. Brookshire,* 640 S.W.2d 870 (Tex.1982); *Free v. Robert Burgess & Son,* 104 Tex. 31, 133 S.W. 421 (1911).

■ The right of plaintiffs to take a nonsuit on November 9, 1979 was a right specially conferred by Rule 164. Under the record here presented, it was not a matter of discretion for the trial court. The fact that the trial court did not enter an order of dismissal of the case following the nonsuit, did not authorize the subsequent filing of a motion for summary judgment and the rendition and entry of a summary judgment in favor of defendants. To permit such would nullify Rule 164 and would defeat the right of the plaintiffs in this case to take a nonsuit of the entire cause. *Ex parte Norton,* supra; *Kelly v. W.C. Turnbow Petroleum Corporation,* 137 S.W.2d 216, 219 (Tex.Civ. App.—Texarkana 1940, no writ); *Clevenger v. Cariker,* 50 Tex.Civ.App. 562, 110 S.W. 795 (1908, no writ).

■ Under the circumstances presented in both the prior appeal and this appeal, when the plaintiffs took their nonsuit, the trial court lost jurisdiction of the entire case except jurisdiction to render an order of dismissal of the case without prejudice. It did not have any power or jurisdiction to entertain either the defendants' first or second motion for summary judgment or to render summary judgment thereon. *Ex parte Norton,* supra; *State v. Gary,* 163 Tex. 565, 359 S.W.2d 456 (1962).

The defendants contend that the trial court did not lose jurisdiction of the issues presented by them in their counterclaims because, as stated in their briefs:

"[a] real justiciable controversy continues to exist between the parties over the validity and meaning of the three-party agreements entered into between the parties. A cross-plaintiff may continue to seek relief even after the plaintiff has non-suited the primary suit, even where the cross-action arises from the same circumstances referred to in plaintiff's petition. *Howe v. Central State Bank of Coleman,* 297 S.W. 692 (Tex.Civ.App.—Austin 1927, writ ref'd) . . . ."

■ We have no quarrel with the rule upon which defendants rely. That rule is applicable in a case where the defendant has sought affirmative relief in the action brought against him by the plaintiff. But, as already noticed, here, defendants did not ask for affirmative relief in their counterclaims. The case of *Howe v. Central State Bank of Coleman,* supra, relied upon by the defendants in support of their argument is not in point, because in that case, the defendant had "pled fully and completely by its cross-action its title to the land and its right to have the title quieted as against both appellants." *Id.* at 693.

■ Under the law of the case, when plaintiffs' cause of action as evidenced by their petition fell as a result of their taking the nonsuit, that ended this lawsuit. As a consequence, all other pleadings in the case including plaintiffs' pleas of privilege, and pleas in abatement, and defendants' counterclaims, fell as a matter of course. The trial court simply did not have jurisdiction of the case from and after November 9, 1979, save and except the jurisdiction to dismiss the same.

■ In remanding the cause, our opinion instructed the trial court to "enter an order granting plaintiffs' motion for nonsuit," while in our judgment, we remanded the cause "for *retrial* with instructions to enter an order granting plaintiffs' motion for nonsuit." We are acutely aware of the discrepancy between the opinion and the judgment. It is unfortunate that the words "for retrial" appeared in the judgment; the insertion of those words constituted error. Understandably, the trial court was of the opinion that it had been instructed to proceed with some type of retrial. However, be that as it may, the trial court lost jurisdiction of the cause in its entirety when plaintiffs took their nonsuit, save and ex-

cept jurisdiction to order the cause dismissed without prejudice. This Court, while it had the power to reverse the judgment of the trial court and to remand the case with instructions to grant plaintiffs' nonsuit, did not have the power to re-establish jurisdiction of the case in the trial court by ordering a retrial. The judgment of the trial court in the case at bar must be reversed for lack of jurisdiction to render the summary judgment.

In view of our reversing the judgment of the trial court, it is not necessary that we reach the remaining points brought before us by plaintiffs in this appeal.

The trial court, having lost jurisdiction of the cause when the nonsuit was taken, did not and could not reacquire jurisdiction by virtue of the recitals contained in our judgment. Consequently, the second summary judgment is void and of no effect or validity. *State v. Olsen,* 360 S.W.2d 398, 400 (Tex.1962).

The judgment of the trial court is reversed, and under the precedents established by *Kendall & Harcourt v. Mather,* supra; *Stanzel v. O'Brien,* 584 S.W.2d 577 (Tex.Civ.App.—Beaumont 1979, affirmed in 603 S.W.2d 826, 1980); *Roberts v. Morgan,* 502 S.W.2d 31 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.); and, *Clevenger v. Cariker,* 50 Tex.Civ.App. 562, 110 S.W. 795 (1908, no writ), judgment is here rendered that Cause No. 26,745, heretofore pending as an active case on the docket of the District Court of Victoria County, Texas, be and the same is hereby dismissed without prejudice.

REVERSED and RENDERED.