NO. 07-09-0012-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 12, 2009

______________________________


KAREEM ABDUL JABBAR WHITE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B 4157-0711; HON. ED SELF, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ABATEMENT AND REMAND
          Following a plea of not guilty, appellant Kareem Abdul-Jabar White was convicted
by jury of possession and delivery of a controlled substance within 1000 feet of a
playground.


 Punishment was assessed at four years confinement in the Institutional
Division of the Texas Department of Criminal Justice.


 Appellant timely filed his notice of
appeal. The clerk’s record has been filed. 
           On March 6, 2009, appellant’s appointed counsel filed a motion in which he
indicates an inability to prosecute this appeal on appellant’s behalf.


 Accordingly, we now
abate this appeal and remand the cause to the trial court. On remand, the trial court shall
utilize whatever means necessary to determine the following:
1. whether appellant desires to prosecute this appeal; and

2. whether appellant is indigent and entitled to new appointed counsel.
          Should it be determined that appellant does want to continue the appeal and is
indigent, and that new counsel should be appointed, the trial court shall appoint new
counsel to represent appellant in this appeal. If new counsel is appointed, the name,
address, telephone number, and state bar number of newly appointed counsel shall be
included in an order appointing counsel. If necessary, the trial court shall execute findings
of fact, conclusions of law, and any necessary orders it may enter regarding the
aforementioned issues and cause its findings, conclusions, and orders, if any, to be
included in a supplemental clerk’s record. A supplemental reporter’s record of the hearing,
if any, shall also be included in the appellate record. Finally, the trial court shall file the
supplemental clerk’s record and the supplemental reporter’s record, if any, with the Clerk
of this Court by April 13, 2009.
          It is so ordered. 
 
                                                                           Per Curiam
Do not publish.



160;    Joachim filed suit on August 4, 1999, in cause number 99-507,018, against
Travelers


 asserting an underinsured motorist claim arising from an August 5, 1997, motor
vehicle accident. On August 28, 2001, Joachim filed a notice of nonsuit on his entire case
but did not obtain a signed order of dismissal by the trial court. At the time of nonsuit,
Travelers had no claim for affirmative relief, motion for sanctions, or claim for attorney’s
fees pending. By notice dated November 1, 2001, the trial court expressed its intention to
dismiss the case for want of prosecution in the absence of a final order.


 On November
26, 2001, the court signed an order dismissing the case with prejudice for want of
prosecution.


 Joachim claims he received no notice of the court’s intent to dismiss or its
order of dismissal. He did not challenge the order of dismissal in the trial court or on
appeal.
          Joachim filed the underlying case, cause number 2002-520,246, on December 5,
2002, asserting the same claims against Travelers as alleged in cause number 99-507,018. In cause number 2002-520,246, Travelers affirmatively plead res judicata and
on this defense moved for summary judgment. Travelers argued in its motion that the
order dismissing cause number 99-507,018 for want of prosecution was an adjudication
on the merits giving rise to the bar of claim preclusion. The trial court initially denied the
motion as well as a motion for reconsideration. Following a second motion for
reconsideration, the court granted the requested summary judgment on May 18, 2006. 
Joachim filed a motion for new trial which was apparently overruled by operation of law. 
He timely appealed.
Issue
          Through one issue, Joachim challenges the trial court’s grant of summary judgment,
arguing that on filing his notice of nonsuit, the trial court in cause number 99-507,018 lost
jurisdiction of the merits of his case; therefore, its order dismissing the case with prejudice
for want of prosecution was void and incapable of providing the ground for a res judicata
defense in cause number 2002-520,246. 
          Travelers counters that the order of dismissal with prejudice in cause number 99-507,018 was proper because following the nonsuit the trial court retained plenary power
of the case to render dismissal with prejudice. And, continues Travelers, even were the
order erroneous as to its dismissal with prejudice it was not void but voidable. Joachim
thus should have directly attacked the order and because he did not, it became a final
judgment supporting the res judicata plea in cause number 2002-520,246.



Discussion
          An appellate court reviews the trial court’s summary judgment de novo. Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). The scope of review
for a traditional motion for summary judgment is well settled and does not need reiteration
here. See Nixon v. Prop. Mgmt., Inc., 690 S.W.2d 546, 548-49 (Tex. 1985); Tex. R. Civ.
P. 166a(c). A defendant is entitled to summary judgment on an affirmative defense if it
conclusively proves each element of the defense asserted. See Ryland Group, Inc. v.
Hood, 924 S.W.2d 120, 121 (Tex. 1996). When the material facts are undisputed, the
nonmovant may defeat a motion for summary judgment by establishing that the movant's
legal position is unsound. Hanssen v. Our Redeemer Lutheran Church, 938 S.W.2d 85,
90 (Tex.App.–Dallas 1996, writ denied).
          Res judicata is an affirmative defense and should be treated as a plea in bar which
reaches the merits of the case. Tex. R. Civ. P. 94; see Walker v. Sharpe, 807 S.W.2d 442,
446 (Tex.App.–Corpus Christi 1991, no writ) (citing Texas Hwy. Dep’t v. Jarrell, 418
S.W.2d 486, 488 (Tex. 1967)). The party relying on the defense must prove: (1) a prior
final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or
those in privity with them; and (3) a second action based on the same claims as were or
could have been raised in the first action. In re K.S., 76 S.W.3d 36, 43 (Tex. App.–Amarillo
2002, no pet.) (citing Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996)). 
Ordinarily res judicata bars a subsequent suit if the matters asserted in the subsequent suit
arise out of the same subject matter as a previous suit and which matters, through the
exercise of reasonable diligence, could have been litigated in the prior suit. See Barr v.
Resolution Trust Corp. ex rel. Sunbelt Federal Sav., 837 S.W.2d 627, 631 (Tex. 1992). 
No one disputes that the matters Joachim asserted in cause number 2002-520,246 were
the same as those in his previous suit. 
Was the trial court empowered to render a merits decision following nonsuit?
          After Joachim filed a notice of nonsuit, the court dismissed his case with prejudice
for want of prosecution. A dismissal with prejudice functions as a final determination on
the merits. Labrie v. Kennedy, 95 S.W.3d 722, 729 (Tex.App.–Amarillo 2003, no pet.)
(citing Mossler v. Shields, 818 S.W.2d 752, 754 (Tex.1991)). Thus, we turn first to the
propriety of the trial court’s dismissal with prejudice following a nonsuit.
          Rule 162 provides:
At any time before the plaintiff has introduced all of his evidence other than
rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which
shall be entered in the minutes. Notice of the dismissal or non-suit shall be
served in accordance with Rule 21a on any party who has answered or has
been served with process without necessity of court order.

Any dismissal pursuant to this rule shall not prejudice the right of an adverse
party to be heard on a pending claim for affirmative relief or excuse the
payment of all costs taxed by the clerk. A dismissal under this rule shall have
no effect on any motion for sanctions, attorney's fees or other costs, pending
at the time of dismissal, as determined by the court. Any dismissal pursuant
to this rule which terminates the case shall authorize the clerk to tax court
costs against dismissing party unless otherwise ordered by the court.
 
Tex. R. Civ. P. 162.
          A nonsuit extinguishes a case or controversy the moment it is filed with the court
clerk or requested in open court. Shadowbrook Apts. v. Abu-Ahmad, 783 S.W.2d 210, 211
(Tex. 1990). While the date a trial court signs an order dismissing the suit is the “starting
point for determining when a trial court’s plenary power expires,” a nonsuit is effective when
filed. In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997). Under Rule 162, a trial court retains
authority after a nonsuit is filed and during the period of its plenary power to consider costs,
attorney’s fees and sanctions, matters “collateral” to the merits. Univ. of Tex. Med. Branch
at Galveston v. Estate of Blackmon, 195 S.W.3d 98, 101 (Tex. 2006); In re Bennett, 960
S.W.2d at 38. But it is without discretion to deny a nonsuit. See In re Bennett, 960 S.W.2d
at 38; Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 59 (Tex. 1991) (party requesting
a nonsuit has absolute right to nonsuit at moment notice is timely filed); Greenberg v.
Brookshire, 640 S.W.2d 870, 872 (Tex. 1982) (granting nonsuit is merely a ministerial act). 
          Here, at the time Joachim filed a nonsuit in cause number 99-507,018, Travelers
did not have on file a claim for affirmative relief, attorney’s fees, or sanctions. The trial
court was not empowered to adjudicate the merits of Joachim’s claim after he filed a
nonsuit. 
Was the trial court’s order void or voidable?
          An order is void if it is apparent that the court “‘had no jurisdiction of the parties or
property, no jurisdiction of the subject matter, no jurisdiction to enter the particular
judgment, or no capacity to act.’” Browning v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005)
(quoting Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985) (orig. proceeding) (per
curiam)). Other defects that do not reach the level of a jurisdictional defect render a
judgment voidable and must be corrected on direct attack. Placke, 698 S.W.2d at 363. 
          For the parties at bar, determining the character of the November 26 order is critical,
as a voidable judgment will support a plea of res judicata, Trahan v. Trahan, 894 S.W.2d
113, 117 (Tex.App.–Austin 1995, writ denied), while a void judgment will not, Lawrence
Sys., Inc. v. Superior Feeders, Inc., 880 S.W.2d 203, 211-12 (Tex.App.–Amarillo 1994, writ
denied).
          It is thus necessary to determine the jurisdictional effect of the nonsuit. In this
respect, we do not write on a blank slate. A nonsuit returns the litigants to the positions
they occupied before the plaintiff invoked the court’s jurisdiction. Rexrode v. Bazar, 937
S.W.2d 614, 619 (Tex.App.–Amarillo 1997, no writ). It renders the merits of the case moot.
Estate of Blackmon, 195 S.W.3d at 101 (cited in Villafani v. Trejo, 251 S.W.3d 466, 469
(Tex. 2008)). A moot case lacks justiciability. Patterson v. Planned Parenthood of
Houston, 971 S.W.2d 439, 442 (Tex. 1998). Jurisdiction over the underlying lawsuit
depends on justiciability, and for a controversy to be justiciable, there must be a real
controversy between the parties that will actually be resolved by the judicial relief sought. 
State Bar of Texas v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994). In the absence of a
controversy that is legally presented for determination, a trial court lacks jurisdiction to
render a personal judgment. Matz v. Bennion, 961 S.W.2d 445, 449 (Tex.App.–Houston
[1st Dist.] 1997, pet. denied). If a court lacks jurisdiction over the parties and the subject
matter before it, any judgment it renders is void. Mapco, Inc. v. Forrest, 795 S.W.2d 700,
703 (Tex. 1990); see State ex rel. Dishman v. Gary, 359 S.W2d. 456, 461 (Tex. 1962)
(orig. proceeding) (right of nonsuit is absolute, accordingly, an order of reinstatement and
ancillary injunctive orders entered after nonsuit were “nugatory and void.”) 
          In In re Martinez, 77 S.W.3d 462 (Tex.App.–Corpus Christi 2002, orig. proceeding)
the relator nonsuited his entire case and the following day the court signed an order of
dismissal. Within thirty days of the order of dismissal defendant Donna ISD filed a motion
for new trial and a counterclaim. The trial court timely granted the motion for new trial
without hearing and set the case for jury trial. Id. Relator sought relief by mandamus
requesting the appellate court to order the trial court to vacate its order granting a new trial. 
Finding the trial court abused its discretion in granting a new trial, the court of appeals
explained:
‘when a plaintiff nonsuits his entire case, leaving no remaining claims for
affirmative relief in the lawsuit, there is no longer any real controversy
between the parties, and the trial court has no jurisdiction to grant affirmative
relief or continue the lawsuit in such a way as to suggest that any justiciable
claims remain for determination. The lawsuit remains on the docket merely
as an empty shell awaiting the final ministerial act of dismissal. Although
plenary power remains to sanction or set appellate deadlines, plenary power
in this context includes only those powers that are necessary to the court’s
disciplinary authority over the parties before it or for the demarcation of
deadlines for purposes of appeal.’
In re Martinez, 77 S.W.3d at 464-65, (quoting Zimmerman v. Ottis, 941 S.W.2d 259, 261
(Tex.App.–Corpus Christi 1996, orig. proceeding)).
          The court then found that because the lawsuit no longer contained a justiciable
claim, nothing remained on which it could grant a new trial. Therefore, the trial court’s
attempted grant of a new trial following nonsuit was an act beyond its jurisdiction resulting
in a void order. In re Martinez, 77 S.W.3d at 465; see Zimmerman, 941 S.W.2d at 261
(citing Newman Oil Co. v. Alkek, 657 S.W.2d 915, 920 (Tex.App.–Corpus Christi 1983, no
writ) (case decided under rule 164, predecessor of current rule 162; held the trial court
could not ignore a nonsuit and lacked jurisdiction to grant a summary judgment).
          Federal Rule 41(a)(1) is the analogue to Texas Rule 162. In re Bennett, 960
S.W.2d at 37 n.4. Although not controlling, cases decided under the federal rule are
therefore beneficial to our discussion of the jurisdictional effect of the nonsuit. In pertinent
part, Rule 41(a)(1)(A)(i) provides that an action may be dismissed by the plaintiff without
order of court by filing a notice of dismissal at any time before service by the adverse party
of an answer or a motion for summary judgment, whichever first occurs. Fed. R. Civ. P.
41(a)(1)(A)(i). A notice of dismissal filed under Rule 41(a)(1)(A)(i) “terminates the case all
by itself. There is nothing left to adjudicate.” Szabo Food Serv., Inc. v. Canteen Corp., 823
F.2d 1073, 1078 (7th Cir. 1987). After filing a proper notice under the rule, the parties are
left as though no action had been brought. Janssen v. Harris, 321 F.3d 998, 1000 (10th
Cir. 2003). And the proceedings are rendered a nullity. Williams v. Clarke, 82 F.3d 270,
273 (8th Cir. 1996). Thus a judgment on the merits rendered after the plaintiff files a
dismissal notice according to Rule 41(a)(1)(A)(i) is void. Marques v. Federal Reserve Bank
of Chicago, 286 F.3d 1014, 1018 (7th Cir. 2002) (collecting cases); 8 Moore’s Federal
Practice § 41.33[6][e] (Matthew Bender & Co. 2008) (“[o]nce a notice of dismissal without
prejudice is filed, the court loses jurisdiction over the case, and may not address the merits
of the action or issue further orders.”); Williams v. Ezell, 531 F.2d 1261,1264 (5th Cir.
1976) (following filing of notice of dismissal, district court’s “attempt to deny relief on the
merits and dismiss with prejudice was void.”); Smith v. Dowden, 47 .3d 940, 943 (8th Cir.
1995) (“[t]he jurisdictional effect of such a voluntary dismissal deprives the court of any
power to adjudicate the withdrawn claim.”).
          We are mindful of the consequences of our characterization of a trial court judgment
as void. Cf. Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000) (noting
consequences of holding trial court lacked subject matter jurisdiction). But caselaw makes
clear that when Joachim filed a notice of nonsuit with the district clerk, the merits of his
case were withdrawn. A justiciable controversy no longer remained for adjudication by the
trial court. Accordingly, although it retained the power to address the “collateral” matters
listed in Rule 162, it lacked jurisdiction to enter a judgment adjudicating the merits of
Joachim’s case. Estate of Blackmon, 195 S.W.3d at 101; Prostok, 165 S.W.3d at 346. 
The attempted adjudication of the merits was without effect and produced a void order on
the merits. Because a final judgment on the merits of a case is fundamental to the defense
of res judicata, we find that Travelers did not conclusively meet its summary judgment
burden of proof. The trial court, accordingly, erred in granting summary judgment. 
          Joachim’s sole issue is sustained.
Conclusion
          Having sustained Joachim’s issue, we reverse and remand the case for further
proceedings consistent with this opinion.
 
James T. Campbell

Justice